OPINION OF THE COURT
Meyer, J.
Fraud in the inducement of a guarantee by corporate officers of the corporation’s indebtedness is not a defense to an action on the guarantee when the guarantee recites that it is absolute and unconditional irrespective of any lack of validity or enforceability of the guarantee, or any other circumstance which might otherwise constitute a defense available to a guarantor in respect of the guarantee, those recitals being inconsistent with the guarantors’ claim of reliance upon an oral representation that the lending banks were committed to extend to the corporation an additional line of credit. The order of the Appellate Division should, therefore, be affirmed, with costs.
I
Defendants are officers and directors of and own all the voting stock of United Department Stores, a holding company with a number of retail department store subsidiaries. Plaintiff, Citibank, N. A., and the other four plaintiff banks provided United with a $15,200,000 line of credit. After default by United, discussions took place concerning restructuring of the indebtedness as a term loan guaranteed by the defendants and the extension to United of an additional line of credit of $8,000,000. On August 10, 1981, the $15,200,000 term loan transaction closed, but the line of credit was never funded.
On January 25,1982, United filed a voluntary petition in bankruptcy. Plaintiff banks then declared the term loan principal and interest due and brought the present action against defendants on the guarantee. Defendants’ answer set up defenses of fraud in the inducement, negligent misrepresentation and failure of a condition precedent and asserted counterclaims based upon fraud, negligent misrepresentation and breach of contract. On motion of plaintiff banks, Special Term struck the affirmative defenses and counterclaims and directed entry of judgment in favor of plaintiffs, holding that by the specific language of the unconditional guarantee defendants waived their right to assert the defenses and counterclaims.
*93 On appeal to the Appellate Division, that court affirmed, the Presiding Justice dissenting. The majority found the evidence of fraud in the inducement contained in defendants’ affidavits to consist of "shadowy and conclusory statements,” but, also, as evidenced by its citation to page 138 of its own decision in Seaman-Andwall Corp. v Wright Mach. Corp. (31 AD2d 136, affd 29 NY2d 617), apparently held the disclaimer in the guarantee sufficiently specific to bar consideration of the defenses in any event. The Presiding Justice disagreed on both points. We agree with him that defendants’ affidavits contained evidence, uncontradicted by plaintiffs, sufficient to raise a triable issue concerning fraud in the inducement, but also agree with Special Term and the Appellate Division majority that the language of disclaimer in the guarantee is sufficiently specific to foreclose as a matter of law the defenses and counterclaims* based on fraud, negligence or failure to perform a condition precedent asserted against plaintiff banks, under the rule of Danann Realty Corp. v Harris (5 NY2d 317). We therefore affirm.
II
Defendants’ papers on the summary judgment motion contain evidence in admissible form which, with the inferences that could reasonably be drawn therefrom, was sufficient to raise a triable issue of fact. The affidavit of Allan R Plapinger states that before the commitment letter for the term loan was signed, he advised Froehler, the Citibank officer who was negotiating on behalf of all the banks, that neither he nor the other stockholders would sign the letter until the line of credit was agreed to and that "Froehler promised that we had the line,” that the line of credit would be funded half by Citibank and half by National Bank of Detroit, that National Bank prepared papers for its share of the line of credit including a note which was signed on behalf of United by one of the defendants, that the Citibank officer who then took over the negotiations imposed additional conditions as to the line of credit which were accepted by United and defendants, that defendants relied on those representations and would not have entered into the guarantee had they not been made, and *94 that the representations were false when made or were recklessly made. In an unverified reply, Citibank, National Bank of Detroit and Equibank deny that they entered into the oral contract for the line of credit alleged in defendants’ answer but filed no affidavit in support of that denial. People’s Trust and Broad Street National, in a verified reply, likewise deny the allegations of the counterclaims and in an attorney’s affidavit point out that their representatives are not alleged to have made any representations or been present when representations were made as to the line of credit, nor did defendants allege that they were to be participants in the line of credit. The undenied statement that defendants were told that they had the line of credit was a representation of present fact, not of future intent (Sabo v Delman, 3 NY2d 155), the falsity of which, in the absence of explanation, can reasonably be inferred from the refusal to extend the promised credit, and the attorney’s affidavit submitted on behalf of People’s Trust and Broad Street National does no more than raise a fact question concerning whether, in making the representation he is alleged to have made in order to obtain defendants’ guarantee, the Citibank officer was acting in behalf of those banks. Summary judgment should not have been granted plaintiffs, therefore, based upon the insufficiency of defendants’ evidence in opposition.
Ill
Summary judgment was properly granted plaintiffs, however, because defendants were foreclosed by the rule of Danann Realty Corp. v Harris (5 NY2d 317, supra) from establishing reliance. In that case, expounding on our prior decision in Cohen v Cohen (13 NY2d 813, affg 1 AD2d 586, 588-589) and distinguishing our prior holding in Sabo v Delman (3 NY2d 155, supra) that a general merger clause is ineffective to exclude paroi evidence of fraud in the inducement, we held the rule that fraud in the inducement vitiates a contract to be subject to exception where the person claiming to have been defrauded has by his own specific disclaimer of reliance upon oral representations himself been "guilty of deliberately misrepresenting [his] true intention” (5 NY2d, at p 323). And in later cases we have adhered to that rule (Seaman-Andwall Corp. v Wright Mach. Corp., 29 NY2d 617, affg 31 AD2d 136, supra; Wittenberg v Robinov, 9 NY2d 261) or distinguished the language involved as a general merger clause rather than a specific disclaimer (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 86). Millerton Agway Coop. v Briarcliff Farms (17 NY2d 57), relied on by defendants, is not to the contrary for, as examination of the record in that case reveals, the *95 guarantees there involved contained neither a general merger clause nor a specific disclaimer. Millerton held no more than that summary judgment should not have been granted plaintiffs in that case, defendants’ affidavits having presented sufficient evidence of reliance on the claimed fraudulent representation to require a trial.
The Danann rule has been criticized as encouraging the use of boilerplate and likely to result in more verbose merger clauses (Calamari and Perillo, Contracts § 9-21 [2d ed]; Note, 47 Cornell LQ 655), a sounder distinction being between a negotiated clause and a standard form clause (Calamari and Perillo, loe. cit., supra). Here it cannot be said, as in Danann, that the defendants have "in the plainest language announced and stipulated that [they were] not relying on any representations as to the very matter [the additional line of credit] as to which [they] now [claim they were] defrauded” (5 NY2d, at p 320). But here we do not have the generalized boilerplate exclusion referred to by the commentators. Rather, following extended negotiations between sophisticated business people, what has been hammered out is a multimillion dollar personal guarantee proclaimed by defendants to be "absolute and unconditional.” It is unrealistic in such circumstances to expect an express stipulation that defendants were not relying on a separate oral agreement to fund an additional multimillion dollar line of credit, when they themselves have denominated their obligation unconditional, and have reinforced that declaration by their agreement that the "absolute and unconditional” nature of their guarantee was "irrespective of (i) any lack of validity * * * of the * * * Restated Loan Agreement * * * or any other agreement or instrument relating thereto”, or "(vii) any other circumstance which might otherwise constitute a defense” to the guarantee.
Though not the explicit disclaimer present in Danann, the substance of defendants’ guarantee forecloses their reliance on the claim that they were fraudulently induced to sign the guarantee by the banks’ oral promise of an additional line of credit. To permit that would in effect condone defendants’ own fraud in "deliberately misrepresenting [their] true intention” (Danann Realty Corp. v Harris, 5 NY2d, at p 323) when putting their signatures to their "absolute and unconditional” guarantee.
Finally, to the extent that defendants rely upon the denial of the additional line of credit as a failure of a condition precedent, it is necessary only to note that in light of the above-quoted provisions the condition precedent rule is inapplicable because the al *96 leged condition would contradict the express terms of the written agreement and, therefore, could not be proved by paroi evidence (Hicks v Bush, 10 NY2d 488, 491; Meadow Brook Natl. Bank v Bzura, 20 AD2d 287, 289; see, Long Is. Trust Co. v International Inst. for Packaging Educ., 38 NY2d 493, 497).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye, Alexander and Titone concur.
Order affirmed, with costs.

 A further reason for dismissal of the counterclaims is that defendants lack standing to sue for an injury to the corporation even though it results in depreciation in the value of their shares of the corporation’s stock. Normally a shareholder has no individual right of action for such an injury (Niles v New York Cent. & Hudson Riv. R. R. Co., 176 NY 119). Although exceptions to that rule have been recognized (Kano v Roeth, 237 App Div 252, lv denied 238 App Div 775; see, General Rubber Co. v Benedict, 215 NY 18; Vincel v White Motor Corp., 521 F2d 1113), the counterclaim in the instant case alleges nothing that would bring defendants within the exception.