■ GTE AUTOMATIC ELECTRIC INC., Appellant, v MARTIN's INC., Respondent.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered October 28, 1985, denying plaintiff's motion for summary judgment, unanimously affirmed, without costs or disbursements.

Plaintiff seeks to recover the balance due on two promissory notes, executed in conjunction with two separate transactions for the sale of telephone communications systems to defendant. The answer interposes three counterclaims, raising in issue the alleged defective quality of the equipment and fraudulent representations, which induced defendant to enter into the agreements, concerning certain savings which would result from the use of GTE equipment. Defendant claims that the telephones did not perform as represented and further, when it sought to relocate the system to its division in Puerto Rico, it learned that the equipment was "obsolete", although only three years old and although it had been represented to be GTE equipment, it "was actually substitute Japanese equipment." As a result, it discontinued further payments,

claiming that there had been material misrepresentations in that it had been sold "improper equipment", it paid "substantially in excess of a fair price" and "the equipment installed may not have been that which was ordered".

In our view, Special Term properly denied the motion for summary judgment. Bearing in mind the limited function of the court on such motion as issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), the fraudulent inducement claims, in the counterclaims, may be considered and do raise triable issues of fact sufficient to deny summary judgment relief *(see, Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). Even where an agreement includes a general merger clause, the Court of Appeals has held that the parol evidence rule does not bar admission of proof of fraudulent misrepresentations in an action to rescind the contract *(Sabo v Delman,* 3 NY2d 155, 161; *Crowell-Collier Publ. Co. v Josefowitz,* 5 NY2d 998). In our case, the promissory notes do not contain a merger clause nor is there any language to bar parol evidence of fraudulent misrepresentations. While the promissory notes do provide that the obligation is "absolute and unconditional", there was similar language in the guarantee in *Millerton Agway (supra)* language which the court in that case held insufficient to preclude proof of fraud in the inducement.

*Citibank v Plapinger* (66 NY2d 90), relied upon by appellant, is inapposite here. In *Plapinger,* an action was brought by four banks against shareholders who had executed a guarantee as individuals of the corporate obligation in return for an extension of credit by the banks. After the corporation defaulted and filed a voluntary petition in bankruptcy, the action was brought against the guarantors, who interposed defenses and counterclaims that the banks had fraudulently misrepresented that an additional line of credit would be extended in consideration for the guarantee. The Court of Appeals affirmed the grant of summary judgment in favor of plaintiff banks, holding that "the language of disclaimer in the guarantee is sufficiently specific to foreclose as a matter of law the defenses and counterclaims based on fraud, negligence or failure to perform a condition precedent asserted against plaintiff banks, under the rule of *Danann Realty Corp. v Harris* (5 NY2d 317)." *(Supra,* at 93.)

Thus, the disposition in *Plapinger (supra)* resulted from the fact that there was specific language of disclaimer of reliance in the seven-page individual guarantee, which was sufficient to foreclose defendant, under *Danann Realty (supra),* from assert-

ing a defense or counterclaim based upon fraud in the inducement. The promissory notes at issue here, however, do not contain a specific disclaimer, as in both *Plapinger* and *Danann Realty* and, therefore, the principle of those cases does not apply. Additionally, as stated, there is no general merger clause, which, in any event, would not bar evidence of fraud in the inducement *(Sabo v Delman, supra)*.

Moreover, the factual situation here is quite distinct from the bank loan-guarantee at issue in *Plapinger (supra)*. In our case, while the action is to recover the balance due under the promissory notes, the notes were issued in payment for equipment sold under purchase financing agreements and there is nothing, either in the agreements or in the notes, to preclude defendant from reliance upon fraud as a defense. As stated, the recitation that the notes are "absolute and unconditional" does not bar proof of fraud in the inducement *(Millerton Agway Coop. v Briarcliff Farms, supra)*.

An additional basis to deny summary judgment relief to plaintiff is the assertion in the counterclaims of damages in excess of that sought in the complaint, involving claims directly related to those in the complaint. It is well established that where counterclaims have been alleged, directly related to the complaint so as to be "inextricably interwoven" and "inseparable" in terms of the issues raised, this precludes the granting of partial summary judgment in favor of plaintiff *(see, Created Gemstones v Union Carbide Corp.,* 47 AD2d 250, 254; *Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852, 853; *Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, 363). Plainly, in our case, the counterclaims, in excess of the amounts demanded in the complaint, are directly related thereto, so as to be a defense to plaintiff's causes of action. As a result, partial summary judgment may not be granted *(cf., Created Gemstones v Union Carbide Corp., supra)*. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.