**GENERALE BANK, NEW YORK BRANCH, Plaintiff,**

v.

**Mahmood CHOUDHURY, Defendant.**

**No. 91–CIV–1769 (LJF).**

United States District Court, S.D. New York.

Dec. 23, 1991.

Jaffe and Asher by Ira N. Glauber, New York City, for Generale Bank, New York Branch.

Kassab Archbold Jackson O'Brien & List by Kevin W. Gibson, Media, Pa., for Mahmood Choudhury.

## OPINION AND ORDER

FREEH, District Judge.

In this action, plaintiff Generale Bank ("Generale") seeks to recover on two promissory notes signed by defendant Mahmood Choudhury ("Choudhury"). Generale now moves for summary judgment. For the reasons stated at oral argument and below, Generale's motion is denied.

### FACTS

In March 1989, Choudhury purchased an interest in a New York-based limited partnership, Southampton Resort Co-op Associates, from a "financial counselor," Mark Katzoff ("Katzoff"). According to Choudhury, Katzoff told him that his "total cash requirements to purchase the partnership interest would be limited to $10,000.00 and that if funds for the partnership were required to be borrowed ... that the partnership entity would pay and be solely responsible for any and all such lending obligations." (Choudhury Aff. ¶ 3). While Choudhury does not specifically state that he was unaware, at the time he signed

them, that two of the documents related to the partnership transaction were promissory notes, he does state that it was not until May 8, 1989 that he was "first apprised [that he] had unwittingly become obligated ... to US Note Corporation," Generale's predecessor in interest. (Choudhury Aff. ¶ 4).

Generale moves for summary judgment on the grounds that (1) in two "estoppel letters" signed at the same time as the promissory notes, Choudhury acknowledged that the notes were binding and thus waived all defenses to payment under those notes; and (2) the defense of "fraud in the inducement" is not available against Generale, a holder in due course of the promissory notes. (Motion at 14–15). Choudhury argues that it is inappropriate to enter summary judgment where, as here, the defendant has not even filed an answer. Choudhury also argues that his defense is not fraud in the inducement, but "fraud in the factum," because "the nature of the alleged promissory note was misrepresented to him." (Opposition at 1).

## DISCUSSION

■ Under Fed.R.Civ.P. 56, summary judgment is only appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In determining motions for summary judgment, the Court must view the evidence in the light most favorable to the party opposing the motion—in this case, Choudhury. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The substantive law governing the case identifies the material facts, and "[o]nly disputes over facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liber-*

*ty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Herbert Const. Co. v. Continental Ins. Co.*, 931 F.2d 989, 993 (2d Cir.1991). While the moving party bears the burden of demonstrating the absence of any issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), once a motion for summary judgment has properly been made, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Under these standards, Generale's motion for summary judgment must be denied. Although Choudhury's affidavit—the only evidence submitted in opposition to the motion—is inadequate in many respects, it does raise sufficient issues of fact to foreclose summary judgment at this time.[1]

### 1. *The Estoppel Letters*

Generale argues that Choudhury waived all defenses to the promissory notes by signing two "estoppel letters" that same day. (Compare Reilly Aff. Exs. A and E). In those letters, Choudhury expressly acknowledged that the promissory notes are "valid and binding" and agreed to make payments on those notes "without regard to any defenses." (Reilly Aff. Ex. E, ¶ 4). Choudhury further acknowledged that the "Lender ... has made no representations or recommendations whatsoever concerning the Partnership or the investment ..." (Reilly Aff. Ex. E, ¶ 3).

■ If, as Generale contends, the estoppel letters constitute a valid agreement between the parties, Choudhury would be unable to assert fraud as a defense to the promissory notes. *See, e.g., Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir.1980) (under New York law, fraudulent inducement requires proof of justifiable reliance on the alleged misrepresentation); *Jo*

1. In opposing Generale's motion for summary judgment, Choudhury submitted Judge Leisure's recent opinion denying a similar motion by Generale in a case involving another investor in the Southampton Resort limited partnership, *Generale Bank v. Wassel*, 779 F.Supp. 310 (S.D.N.Y.1991). Although we reach the same

result as Judge Leisure and deny Generale's motion for summary judgment, the circumstances of the transaction and the language of the estoppel letters in this case are distinguishable from those in *Wassel.* Accordingly, we do not rely on *Wassel* here.

*Ann Homes at Bellmore, Inc. v. Dworetz,* 25 N.Y.2d 112, 302 N.Y.S.2d 799, 803, 250 N.E.2d 214, 217 (1969) (same). It does not appear, however, that the estoppel letters are necessarily binding. Under New York law,[2] if "a party to a contract *specifically* disclaims reliance upon a representation in a contract, that party cannot ... [later] assert that it was fraudulently induced into signing the contract by the *very representation* it has disclaimed. *Grumman Allied Industries v. Rohr Industries, Inc.,* 748 F.2d 729, 734 (2d Cir.1984) (*citing Danann Realty Corp. v. Harris,* 5 N.Y.2d 317, 184 N.Y.S.2d 599, 602, 157 N.E.2d 597, 599 (1959)) (emphasis added). As the Second Circuit recognized in *Grumman,* New York law requires a specific disclaimer provision before a plaintiff is foreclosed from asserting fraudulent inducement as a defense to a contract action. *See Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 495 N.Y.S.2d 309, 311, 485 N.E.2d 974, 976 (1985) ("[In *Danann*], we held the rule that fraud in the inducement vitiates a contract to be subject to exception where the person claiming to have been defrauded has by his own *specific* disclaimer of reliance upon oral representations himself been 'guilty of deliberately misrepresenting [his] true intention.' ") (emphasis added) (citation omitted); *Northwestern National Ins. Co. of Milwaukee v. Alberts,* 717 F.Supp. 148, 154 (S.D.N.Y.1989) (finding disclaimer as to "any representations or recommendations" or "any information or advice" too general to constitute waiver of right to bring fraud claim); *Schneider v. OG & C Corp.,* 684 F.Supp. 1269, 1273 (S.D.N.Y.1989) (specific disclaimer required).

■ The "disclaimer" relied upon by Generale here is not sufficiently specific to foreclose Choudhury from raising fraud as a defense to liability under the promissory notes. Choudhury did acknowledge that the *"Lender ...* has made no representa-tions or recommendations whatsoever concerning the Partnership or the investment ...." (Reilly Aff. Ex. E, ¶ 3) (emphasis added). However, given that Choudhury alleges he had no contact with anyone other than Katzoff, his statement that he did not rely on representations by the "Lender" cannot be interpreted to mean he did not rely on any representations by Katzoff.[3] Indeed, the essence of Choudhury's fraud defense is that he did rely on Katzoff's misrepresentations regarding the transaction.

■ Generale also contends that Choudhury is foreclosed from raising a fraud defense here because the estoppel letters contain a provision acknowledging that the promissory notes are "valid and binding." (Reilly Aff. Ex. E, ¶ 4). Such a generalized exclusion should not be used to prevent Choudhury from proceeding with his defense here. In *Plapinger,* 495 N.Y.S.2d at 312, 485 N.Y.S.2d at 977, the New York Court of Appeals responded to critics of the *Danann* rule, and distinguished that case from those involving generalized exclusions:

> [H]ere we do not have the generalized boilerplate exclusion referred to by the commentators. Rather, following extended negotiations between sophisticated business people, what has been hammered out is multimillion dollar personal guarantee proclaimed by defendants to be 'absolute and unconditional.' It is unrealistic in such circumstances to expect an express stipulation that defendants were not relying on a separate oral agreement ... when they themselves have denominated their obligation unconditional.

In contrast to *Plapinger,* this case does not involve sophisticated business people involved in extensive negotiations. The minimal information provided in Choudhury's affidavit suggests that the opposite is

---

**2.** The parties have elected to have New York law govern here. (Reilly Aff. Ex. A at 3)

**3.** In his affidavit, Choudhury does not mention the estoppel letters specifically. However, that circumstance alone does not warrant entry of summary judgment in favor of Generale.

Choudhury's allegations, while general, refer to his interactions with Katzoff and the transaction as a whole. (Choudhury Aff. ¶ 3). These allegations are sufficient to preclude summary judgment at this time.

true, and that one rather unsophisticated investor had minimal discussions with a broker. Moreover, the disclaimer here states only that the promissory notes are "valid," not that they are "absolute and unconditional." Under these circumstances, the parties here have not "*expressly* allocated risks" under the contract, *Grumman*, 748 F.2d at 735 (emphasis added), and Choudhury is not foreclosed from raising fraud as a defense here. Proving such a fraud claim will, no doubt, be difficult. However, Choudhury has alleged sufficient facts to overcome summary judgment, at least at this early stage in the case.

### 2. *Holder in Due Course*

■■ Neither party disputes that Generale is a holder in due course of the promissory notes. Accordingly, under the New York Uniform Commercial Code (U.C.C.), Generale takes the notes free of all defenses, except "real defenses," such as infancy, incapacity or fraud in the factum. U.C.C. § 3–305(2); *Union Bank of India v. Seven Seas Imports*, 727 F.Supp. 125, 130 (S.D.N.Y.1989). Fraud in the factum occurs when "the maker [of the note] is tricked into believing that which he is signing is something other than a promissory or obligatory note." *Union Bank*, 727 F.Supp. at 131. *See also* U.C.C. § 3–305(2)(c) (including as valid defense "such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms"). By contrast, fraud in the inducement consists of misrepresentations that cause the maker of the note to enter the transaction. *Union Bank*, 727 F.Supp. at 131.

■ At this early stage in the case, it is impossible to determine which fraud defense is actually being asserted. The only evidence regarding Choudhury's purchase of the partnership interest is Choudhury's affidavit, in which Choudhury states that he was unaware that he had any continuing financial obligations to the partnership until he received notification from Generale's predecessor in interest, US Note Corporation. (Choudhury Aff. ¶ 4). Although Choudhury does not expressly state that Katzoff told him that the promissory notes and related documents were something other than what they were, his affidavit does suggest that possibility. Given the limited evidence regarding Choudhury's discussions with Katzoff, it is impossible to determine which fraud defense is actually being asserted. Until the numerous factual questions regarding Choudhury's discussions with Katzoff are resolved, Generale is not entitled to judgment as a matter of law.

For the foregoing reasons, Generale's motion for summary judgment is denied.

SO ORDERED.