■ PREFERRED EQUITIES CORPORATION et al., Respondents-Appellants, v AARON ZIEGELMAN et al., Appellants-Respondents.—In an action, *inter alia,* for an accounting, the defendants appeal from so much of an order of the Supreme Court, Queens County (Durante, J.), entered May 17, 1990, as granted their motion for summary judgment on their counterclaims pursuant to a "Guaranty of Payment" given to the defendants by the plaintiff Preferred Equities Corporation only to the extent of dismissing seven of the plaintiffs' affirmative defenses to the defendants' counterclaims, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as dismissed seven of their affirmative defenses to the defendants' counterclaims.

Ordered that the order is modified, on the law, by (1) adding thereto a provision dismissing the plaintiffs' affirmative defense of fraud in the inducement, and (2) deleting the provision thereof denying summary judgment to the defendants on their counterclaims and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The defendants contend that the court should have granted summary judgment on their counterclaims based upon the Guaranty of Payment (hereinafter the Guaranty) executed by the plaintiff Preferred Equities Corporation (hereinafter Preferred). We agree. Although Preferred has alleged fraud in the inducement as a defense to the enforcement of the Guaranty, the Guaranty was "unconditional and irrevocable, irrespective of * * * and * * * circumstances which might * * * constitute a legal or equitable discharge of release of guarantor or surety". Accordingly, Preferred has waived the defense of fraud in the inducement, and the court should have dismissed that affirmative defense, and granted summary judgment, in its entirety, in favor of the defendants on their counterclaims

*(see, Citibank v Plapinger,* 66 NY2d 90). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.