**MERILLAT INDUSTRIES, INC., Plaintiff,**

v.

**Ronald R. JOHNSTON, Defendant.**

**Civ. A. No. 93–40005–NMG.**

United States District Court, D. Massachusetts.

Sept. 21, 1994.

B.J. Krintzman, Michael R. Heyison, Hale & Dorr, Boston, MA, for plaintiff.

Louis M. Ciavarra, Bowditch. & Dewey, Worcester, MA, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the motion of plaintiff, Merillat Industries, Inc. ("Merillat"), for summary judgment in its favor. Defendant, Ronald R. Johnston ("Johnston"), opposes that motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Merillat is a corporation which develops, manufactures and sells kitchen cabinets and related products. Depot Distributors, Inc. ("Depot") and Depot Distributors of the Southeast, Inc. ("Depot SE") are long-standing distributors of Merillat's products. Johnston is the sole shareholder and President of both Depot and Depot SE. During the 1980's Depot and Depot SE were Merillat's largest independent distributors in the United States.

In July 1990, Depot and Depot SE fell behind in inventory payments to Merillat. The parties agreed that Depot and Depot SE would execute promissory notes in the aggregate amount of their then outstanding obligations to Merillat ("the Notes"). On August 13, 1991, Depot executed a promissory note in the principal amount of $1,807,302.72 payable in 59 monthly installments of $15,060.85, plus the attribution of cash discounts earned each month by Depot in accordance with Merillat's policy, plus a final balloon payment on June 1, 1996. The following day, Depot SE executed a promissory note in the principal amount of $380,146.51, payable in 59 monthly installments of $3,167.89 plus the

attribution of cash discounts earned each month by Depot SE in accordance with Merillat's policy, plus a final balloon payment on June 1, 1996. Johnston executed a personal guarantee ("the Guarantee") on the Notes on August 13, 1991, in which he personally and unconditionally guaranteed payment of the Notes to Merillat.

On May 1, 1992, Depot and Depot SE failed to make their respective monthly payments to Merillat. At that time, the principal amounts owed were $1,469,655.54 by Depot, and $311,321.15 by Depot SE. Neither company has made any payment since that date. On October 13, 1992, Merillat terminated the distribution agreements of Depot and Depot SE (collectively, "the Companies") and involuntary Chapter 7 bankruptcy proceedings against the Companies were filed on November 21, 1992. In a letter to Johnston dated October 29, 1992, Merillat demanded payment under the Guarantee of the outstanding and overdue balances of the Notes, but Johnston failed to make any such payments. Merillat filed this complaint on January 12, 1993 seeking damages arising from the alleged breach by Johnston of the Guarantee.

Merillat moves for summary judgment, arguing that there are no genuine issues of material fact in dispute and that, as a matter of law, it is entitled to judgment against Johnston based upon his Guarantee. Although Johnston does not dispute the facts set forth above, he opposes the motion on the grounds that the Guarantee is unenforceable because Merillat 1) fraudulently induced him to execute it, 2) failed to provide consideration for such Guarantee, and 3) breached the implied covenant of good faith and fair dealing with respect to both the underlying Notes and the Guarantee.

## II. LEGAL ANALYSIS

### A. *Summary Judgment Standard*

Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Inferences are drawn in the case at bar in favor of Johnston, the non-moving party. *Space Master International, Inc. v. City of Worcester,* 940 F.2d 16 (1st Cir.1991); *Herbert W. Price v. General Motors Corporation,* 931 F.2d 162 (1st Cir.1991) (record reviewed in light most favorable to non-moving party).

In determining whether a factual dispute is genuine, this Court must decide whether "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505 (1986)). A fact is "material" if it might affect the outcome of the suit under governing substantive law. *Beck v. Somerset Technologies,* 882 F.2d 993 (5th Cir.1989) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505 (1986)); *see generally, Manarite v. City of Springfield,* 957 F.2d 953, 955 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992).

### B. *Enforceability of the Unconditional Guarantee*

The Guarantee at issue provides, in relevant part, that:

Johnston hereby unconditionally guarantees to Merillat ... the due and punctual payment of all indebtedness under the Promissory Notes, when and as the same shall become due and payable, according to the terms thereof whether at maturity, by declaration or otherwise. In case of failure by Depot or Depot S.E. to punctually pay any such principal, Johnston hereby agrees to cause such payment to be made punctually when and as the same shall become payable according to the terms thereof, whether at maturity, by declaration or otherwise.

Johnston agrees that this Guarantee constitutes a continuing Guarantee and shall continue in full force and effect notwithstanding any amendment, extension, modification or waiver with respect to the Promissory Notes or terms of payment thereof.

Moreover, the Guarantee specifically states that:

The obligations of Johnston hereunder shall be unconditional, irrespective of the validity, regularity or enforceability of such indebtedness, the absence of any attempt to enforce the same, or any other circumstances which might otherwise constitute a legal or equitable discharge or defense of a guarantor....

Johnston waives all diligence, presentment, notice of non-payment, demand for payment, protest or further notice of or demand of any kind, all rights of subrogation whatsoever with respect to the Promissory Notes, unless and until Merillat shall have received payment in full of the Promissory Notes ...

Merillat correctly asserts the well-settled law that "[w]here the wording of the contract is unambiguous, the contract must be enforced according to its terms." *Liberty Mut. Ins. Co. v. Gibbs,* 773 F.2d 15, 17 (1st Cir. 1985), *quoting, Edmonds v. United States,* 642 F.2d 877, 881 (1st Cir.1981); *see also, Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 674 (1st Cir.1987) (words of a contract may be so clear themselves that reasonable people could not differ as to their meaning and the judge may decide the meaning as a matter of law for purposes of summary judgment).

The Guarantee at issue specifically and clearly states that it is unconditional and that Johnston waives all defenses to enforcement of the Guarantee. Such a waiver-of-defense provision has been upheld as an enforceable guarantee provision. *See, United States v. Mallett,* 782 F.2d 302, 303 (1st Cir.1986); *Merrimack Valley Nat'l Bank v. Baird,* 372 Mass. 721, 723, 363 N.E.2d 688 (1977). Merillat argues that the defenses asserted by Johnston are unavailing, and, moreover, he has waived any such legal or equitable defenses. Accordingly, Merillat asserts, summary judgment should enter in its favor.

### C. *Johnston's Alleged Defenses*

Johnston, conversely, argues that Merillat committed serious misconduct, that the facts surrounding that alleged misconduct are in dispute and that he is not liable under the Guarantee because Merillat allegedly induced him to execute the Guarantee fraudulently and in breach of its duty of good faith. In particular, Johnston asserts that at the time the Notes and Guarantee were executed, Merillat orally represented that 1) it was committed to a long-term relationship with Depot and Depot SE, 2) it would maintain Depot and Depot SE's lines of credit, 3) it would not compete with them, and 4) it would seek to enforce the Guarantee, if necessary, only after proceeding first against Depot and Depot SE and the property put up as collateral.

Johnston further contends, that in contravention to its oral representations, Merillat decided to sell directly to customers in Depot and Depot SE territories and engaged in a scheme to put Depot and Depot SE out of business. That scheme, according to Johnston, involved the elimination of the lines of credit of Depot and Depot SE, the enforcement of full payment prior to accepting orders, the refusal to ship inventory, and the solicitation of business from Depot and Depot SE customers. Those tactics, he alleges, prevented Depot and Depot SE from being able to make payments on the Notes and that inability then became an excuse for Merillat to terminate the distribution agreements, which ultimately resulted in the Chapter 7 bankruptcies of Depot and Depot SE.

Johnston asserts that Merillat's fraudulent inducement and misconduct excuses any liability under the Guarantee, *citing McEvoy Travel Bureau, Inc. v. Norton Co.,* 408 Mass. 704, 563 N.E.2d 188 (1990). In addition, he contends that Merillat's alleged misconduct interfered with the ability of the Companies to repay their obligations under the Notes and that, therefore, Merillat breached the implied covenant of good faith and fair dealing, rendering the Guarantee unenforceable. Finally, Johnston argues that there was a failure of consideration for the Guarantee because it was based upon Merillat's promise of continued commitment to Depot and Depot SE, which Merillat failed to uphold.

### D. *Discussion*

 As Merillat contends, the purported facts surrounding its alleged misconduct, even if in dispute, are not material to the

issue of Johnston's liability under the Guarantee. That is so, because all such equitable and legal defenses were knowingly waived by Johnston pursuant to the terms of the Guarantee. Johnston concedes: 1) the existence of the primary obligation under the Notes, 2) that he guaranteed that obligation, 3) that there was a default under the Notes and, 4) that he has made no payment to Merillat under the Guarantee. Moreover, Johnston fails to allege any non-compliance by Merillat with the written terms of the Notes or the Guarantee. On the basis of material, undisputed facts, therefore, summary judgment in favor of Merillat must enter.

■ Even if this Court were to give credence to Johnston's defenses, they would not preclude entry of summary judgment. With respect to the allegation of fraudulent inducement, courts have held that even it is not a defense to an absolute and unconditional personal guarantee. *See, Adam v. Jacobs,* 1991 WL 35952, at *2–4, 1991 U.S.Dist. LEXIS 3020, at *6–12 (S.D.N.Y.1991), *Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 495 N.Y.S.2d 309, 485 N.E.2d 974 (1985) (where the Court granted summary judgment finding that fraud in the inducement is not a defense when the guarantee recites that it is absolute and unconditional irrespective of any lack of validity or enforceability of the guarantee or any other available defense). In *Citibank,* a case factually similar to the one at bar, the Court reasoned that to allow the guarantors of an absolute and unconditional guarantee to avoid their obligation by alleging fraud in the inducement, would be to "condone . . . [the guarantors'] own fraud in deliberately misrepresenting [their] true intention when putting their signatures to their absolute and unconditional guarantee". *Id.* at 312, 485 N.E.2d at 977; *accord Goodridge v. Harvey,* 728 F.Supp. 275, 285–86 (S.D.N.Y. 1990).

■ Notwithstanding the unconditional nature of the Guarantee, Johnston's fraudulent inducement defense fails because it relies upon alleged oral representations made during the formation of the agreements. Such alleged oral assertions are inadmissible when they directly contradict the written contractual provisions. *Turner v. Johnson &*

*Johnson,* 809 F.2d 90, 96 (1st Cir.1986). Those allegations include statements that Merillat promised it would not enforce the Guarantee without first attempting to collect from Depot and Depot SE and then proceeding against the collateral. The terms of the Guarantee, however, provide that the Guarantee is "unconditional".

■ In addition, nothing in the record supports Johnston's claim that the alleged oral representations were material to his decision to execute the Guarantee. Rather, at the time the Guarantee was executed, Depot and Depot SE were approximately $2,000,000 in arrears on loans from Merillat. Johnston concedes that Depot and Depot SE were dependent on Merillat for their business and, that therefore, at that time, wished to avoid a termination of their distribution agreements at all costs. Using the reasonable-trier-of-fact standard, this Court finds that the alleged oral representations were not material to Johnston's decision to execute the Guarantee, and, accordingly, that allegedly disputed issue is not genuine. *See, Celtic Development Corp. v. FDIC,* 836 F.Supp. 926, 932 (D.Mass.1993) (applying "reasonable jury" standard to decide whether a factual dispute is genuine).

■ Applying the same standard, this Court also finds that Johnston's failure-of-consideration argument is without merit. Johnston contends that the consideration for his Guarantee was Merillat's promise of continued commitment to Depot and Depot SE, which Merillat failed to uphold. This Court finds that Merillat's forbearance from demanding immediate payment from Depot and Depot SE of approximately $2,000,000 in August, 1991 was valid consideration. *Jones v. Ballon, Stoll & Itzler,* 1990 WL 113120 at *5, 1990 U.S.Dist. LEXIS 9351 at *14 (S.D.N.Y. 1990) (bank's continuing to extend credit constituted consideration for guarantee). That forbearance was specified as consideration in the Guarantee itself and Johnston admits that Merillat did so forbear.

■ Finally, the defense that Merillat breached an implied covenant of good faith and fair dealing to Depot and Depot SE also fails. As stated above, according to the

terms of the Guarantee, Johnston waived any such equitable defense. Moreover, a lender, such as Merillat, is under no duty to a guarantor of a loan (Johnston) to exercise due care in dealing with the borrowers (Depot and Depot SE). *Shawmut Bank, N.A. v. Wayman*, 34 Mass.App.Ct. 20, 23, 606 N.E.2d 925 (1993), *citing, FDIC v. Fordham*, 130 B.R. 632, 646 (Bkrtcy.D.Mass.1991). Johnston's breach of duty defense is based upon Merillat's alleged misconduct with respect to Depot and Depot SE, not to Johnston himself and, accordingly, it fails as a matter of law.

### ORDER

For the foregoing reasons, plaintiff's motion for summary judgment in its favor is **ALLOWED**.

So ordered.