■ JAMAICA SAVINGS BANK, FSB, Respondent, v ASCOT OWNERS, INC., Respondent, et al., Defendants. [660 NYS2d 562] —Order and judgment (one paper), Supreme Court, New York County (Salvador Collazo, J.), entered September 16, 1996, which, in a mortgage foreclosure action, *inter alia*, granted plaintiff mortgagee's motion for partial summary judgment, and order, same court and Justice, entered on or about June 25, 1996, which, *inter alia*, denied defendant mortgagor's motion to disqualify plaintiff's counsel, unanimously affirmed, without costs.

The language in the cooperative offering plan and amendments cannot be construed as obligating plaintiff to refinance the mortgage at maturity, or even to undertake good faith negotiations toward that end, particularly in view of the express disclaimer in the mortgage documents of any representation regarding the availability of funds for refinancing, the interest rate or the cost of refinancing when the mortgage became due (*see, Citibank v Plapinger*, 66 NY2d 90, 94). Even if the documents contained language that could be construed as a prediction of future refinancing, there is no evidence of a present intention by plaintiff not to afford such refinancing, and thus no showing of actionable fraud (*see, supra*, at 93-94). We have considered defendant's remaining claims, including that plaintiff prevented it from performing its obligations under the mortgage, that plaintiff owed it fiduciary duties, and that plaintiff's attorneys should be disqualified for conflict of interest, and find them to be either unpreserved or without merit. Concur—Milonas, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.