■ NISSHO IWAI EUROPE PLC, Respondent, v KOREA FIRST BANK, Appellant. [737 NYS2d 63] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered February 21, 2001, which, insofar as appealed from, granted plaintiff recovery on its first and second causes of action, for dishonor of a demand for payment under a revolving standby letter of credit and for anticipatory dishonor of future demands thereunder, respectively, pursuant to an order, same court and Justice, entered on or about October 27, 2000, which, inter alia, granted plaintiff's motion for summary judgment as to such causes of action, unanimously affirmed, with costs.

Defendant issued a revolving standby letter of credit in favor of plaintiff, for the account of Daewoo Hong Kong Limited (Daewoo), the first paragraph of which provides, inter alia, that the letter of credit is in the amount of "up to USD 11,500,000.00," and the second paragraph of which provides, inter alia, that it "shall be revolved and reinstated every three months within the [specified] period of validity * * *." The underlying contract between plaintiff and Daewoo was a $150 million loan agreement providing for, as here relevant, quarterly payments of principal and interest to plaintiff over a period of four years. When Daewoo failed to make the payment that became due in

November 1999, plaintiff made demands for payment under the letter of credit in the total amount of $11.5 million, which defendant satisfied. After the next quarterly cycle under the letter of credit commenced, plaintiff demanded payment of another $11.5 million thereunder on December 24, 1999. Defendant declined to honor the December 24, 1999 demand on the ground that, because Daewoo (which had become insolvent) had not reimbursed defendant for its prior $11.5 million payment under the letter of credit, plaintiff's entitlement to payment thereunder was exhausted. Plaintiff then commenced this action for, as here relevant, dishonor of the December 24th demand and anticipatory dishonor of future demands.

We affirm the Supreme Court's grant of summary judgment to plaintiff on the ground that, regardless of any ambiguity that might otherwise inhere in the phrase "revolved and reinstated," the provision of the letter of credit that it *"shall* be revolved and reinstated *every* three months within the period of validity" (emphasis added) unambiguously indicates that the quarterly recurrence of the letter of credit's availability was to be unconditional. To construe such availability as dependent on whether previous payments had been reimbursed would contradict such express, unconditional language. The first paragraph's limitation of the amount available under the letter of credit to "up to" $11.5 million did not limit defendant's total exposure to that amount at any given time, since the first paragraph as a whole is made recurrently effective by the unconditional "revolv[ing] and reinstat[ing]" provision of the second paragraph. The $11.5 million "cap" therefore simply limited the amount that could be drawn under the letter of credit within each quarterly cycle. Since the letter of credit is unambiguous, the court correctly construed it as a matter of law, without reference to extrinsic evidence of defendant's alleged understanding at the time of issuance that its total exposure would be limited to $11.5 million (*see, e.g., Teitelbaum Holdings v Gold*, 48 NY2d 51, 56). The foregoing makes it unnecessary for us to reach the parties' other arguments. Concur—Williams, J.P., Andrias, Saxe, Wallach and Lerner, JJ.