■ NISSHO IWAI EUROPE PLC, Respondent, v KOREA FIRST BANK, Appellant. [756 NYS2d 140] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 26, 2002, which, in an action for wrongful dishonor and anticipatory repudiation of a letter of credit issued by defendant for plaintiff's benefit, denied defendant's motion to vacate, on the ground of newly discovered evidence, the judgment that was entered against it upon plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Defendant's new evidence would not avail to vacate the judgment even if it shows, as defendant claims, that plaintiff and the applicant collaborated to draft the subject letter of credit so as to make it "intentionally ambiguous." As the Court of Appeals has previously determined in this case, the disputed

terms are not ambiguous (99 NY2d 115, *affg* 290 AD2d 331), and parol evidence cannot be used to create an ambiguity where none exists upon the face of the instrument (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163). Nor can this new evidence be used to show that defendant was defrauded into issuing the letter by the applicant's misrepresentations concerning the nature of either the letter itself or the underlying contract as one for the sale of automotive parts rather than a general operating loan. Even if, as defendant represents, a letter of credit for a loan is subject to a more rigorous due diligence process than one for the sale of goods, defendant, a sophisticated business entity, will not be heard to say that it was uninformed as to the terms of the underlying contract, which was specifically referenced in the letter (*see* 99 NY2d at 122 n 3), or that it relied on representations that the letter does not say what it in fact specifically does say (*see Citibank v Plapinger*, 66 NY2d 90, 95; *Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232, *lv denied* 95 NY2d 762; *Wells Fargo Bank Northwest, N.A. v TACA Intl. Airlines, S.A.*, 2002 WL 31158961, \*12-13, 2002 US Dist LEXIS 18171, \*41-43 [SD NY, Sept. 26, 2002]). Because there was no fraud, and because the new evidence is not in any event material to the contract interpretation issues raised on the original motion, plaintiff had no duty to reveal any such evidence on the original motion. Therefore, defendant's claim of intrinsic fraud is meritless. Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.