■ ANTHONY GRONOWICZ, et al., Appellants, v NISSAN PERLA, Respondent. [872 NYS2d 20]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered October 26, 2007, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In a prior CPLR article 78 proceeding, plaintiffs unsuccess-

fully argued that defendant had obtained a permit to demolish the building in which they reside, and a certificate of eviction from the Division of Housing and Community Renewal (DHCR), based on a false, bad faith representation that he was going to demolish the building. When plaintiffs failed to vacate the rent-controlled apartment after the article 78 proceeding, defendant commenced a holdover proceeding. Plaintiffs, represented by the same experienced counsel as before, settled the holdover in a stipulation in which they admitted that the allegations in the holdover petition were true and that they had no defenses thereto, and agreed to vacate the apartment and withdraw all their administrative and judicial challenges to their eviction. In exchange, defendant agreed to pay plaintiffs $275,000, considerably more than the $77,826.24 that defendant was directed to pay plaintiffs, as an alternative to relocating them, under DHCR's certificate of eviction. Three months later, upon vacating the apartment, plaintiffs also executed individual affidavits releasing defendant from any liability to them in connection with the premises or their tenancy, including "any claims that [we] have vacated the apartment by any other than voluntary surrender of possession." This action, which challenges the stipulation as fraudulent, was commenced by plaintiffs when, eight months after they had vacated the apartment, defendant still had not commenced demolition.

No issue of fact exists as to whether plaintiffs, in entering into the stipulation, justifiably relied on defendant's alleged representation that he was going to demolish the building (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Any such claim of reliance is foreclosed by the history of the litigation between the parties (*see Eastbrook Caribe, A.V.V. v Fresh Del Monte Produce, Inc.*, 11 AD3d 296 [2004], *lv denied in part and dismissed in part* 4 NY3d 844 [2005]), the terms of the stipulation settling the holdover proceeding and subsequent releases (*see Citibank v Plapinger*, 66 NY2d 90, 95 [1985]). At the time of the stipulation, plaintiffs had answered the holdover proceeding and moved to dismiss it, and had appealed their article 78 proceeding against DHCR and moved to reargue it, all based on the claim that defendant had falsely represented his intention to demolish the building. "[I]n a climate of discord and dissension [and] with legal counsel" (*Shea v Hambros PLC*, 244 AD2d 39, 47 [1998]), the stipulation withdrew all these proceedings and waived any defenses to eviction in exchange for some $200,000 more than plaintiffs would have received had they continued to challenge the bona fides of defendant's representation. As the motion court pointed out, had plaintiffs truly relied on such representation in entering into the stipulation,

they would have made demolition a condition subsequent to the settlement. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ. [*See* 2007 NY Slip Op 33493(U).]