*608 Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 27, 2013, which granted defendants-appellants Intelli-Tec Security Services, Inc. and Russell R. Mac-Donnell’s motion to dismiss the complaint to the extent of dismissing the fraud claim and denied so much of the motion as sought dismissal of the breach of contract claim, unanimously modified, on the law, to grant the motion as to the breach of contract claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against defendants-appellants.
By letter agreement, dated December 21, 2010, Intelli-Tec Security Services, Inc., an S corporation in which decedent Marty McMillan was a shareholder, redeemed the shares held by the estate in exchange for $400,000, which sale was made “free and clear of any and all . . . rights” (¶ 1). The agreement contained a merger clause which stated that it “supersedes any prior understanding, agreements or representations by and between the parties . . . with respect to the subject matter hereto” (¶ 5).
Plaintiff’s first cause of action alleges that defendants breached their contract with her husband by failing to reimburse the estate for the tax liability it incurred as a shareholder of Intelli-Tec. The second cause of action seeks to set aside the letter agreement based upon defendants’ alleged promise to enter into a separate agreement to cover the tax liabilities relating to the estate’s ownership of the stock, which promise was alleged to be knowingly false when made and relied upon by plaintiff.
Intelli-Tec and MacDonnell were entitled to dismissal of the complaint as the documentary evidence flatly contradicts both causes of action (see CPLR 3211 [a] [1]; Maas v Cornell Univ., 94 NY2d 87 [1999]). The alleged agreement to reimburse the estate for tax liabilities arises from the estate’s status as a shareholder. Thus, any such agreement was extinguished when the estate sold its shares free and clear of all other rights and would have been superseded pursuant to the letter agreement’s merger clause. Additionally, plaintiff’s representation in the merger clause forecloses her reliance upon any representation not contained in the letter agreement and cannot serve as a basis for her fraud claim (see Citibank v Plapinger, 66 NY2d 90, 94-95 [1985]). Concur — Tom, J.E, Friedman, Saxe, Richter and Clark, JJ.