27th St. Prop. Owner LLC v Karpati (2025 NY Slip Op 06541)

27th St. Prop. Owner LLC v Karpati

2025 NY Slip Op 06541

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Moulton, J.P. SEQ CHAPTER \h \r 1, Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 650911/24|Appeal No. 5113|Case No. 2025-03294|

[*1]27th Street Property Owner LLC, Respondent,
v
Arthur Karpati, et al., Appellants, Randy Weiner, Defendant.

Sheppard, Mullin, Richter & Hampton LLP, New York (Robert S. Friedman of counsel), for appellants.
Oved & Oved LLP, New York (Andrew J. Urgenson of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about May 16, 2025, which granted plaintiff's motion under CPLR 3212 for summary judgment on the issue of liability and dismissed defendants' affirmative defense of, and counterclaims based on, fraudulent inducement, unanimously modified, on the law, to deny summary judgment to plaintiff, and otherwise affirmed, without costs.
The motion court should not have granted summary judgment to plaintiff on its claim for breach of the commercial lease guaranty. The record does not resolve all questions of fact as to whether there was a surrender that extinguished the guarantors' liability either under the good guy provisions or by operation of law. This is not a question that can be resolved at a hearing on damages (see Spinelli's Pizza, Inc. v G&T1 Corp., 208 AD3d 420, 420 [1st Dept 2022] ["the motion court incorrectly determined that whether a surrender occurred was a question that could be resolved at a hearing on damages"]). Instead of finding that these fact questions required a hearing, the court should have simply denied summary judgment (see e.g. Bay Plaza Community Ctr., LLC v Cablevision Sys. N.Y. City Corp., 217 AD3d 438, 440 [1st Dept 2023]). Because the factual circumstances are contested and not sufficiently developed, pre-trial discovery is warranted.
Notwithstanding the determination that plaintiff was not entitled to summary judgment, we find that defendants' affirmative defense and counterclaims based on fraudulent inducement were properly dismissed. In section 5(d) of the guaranty, defendants waive "any defense of [their] liability" and further agree that they "hereby expressly waive[] and relinquish[] all other rights and remedies accorded by applicable law to guarantors and sureties." Section 5(a) specifically waives defenses based on "the invalidity or unenforceability of the Lease or any provision thereof." The latter provision unambiguously bars a defense challenging the enforcement of the rent schedule under the lease's third amendment, which is the subject of defendants' counterclaims. Although defendants urge that section 5(a) has no bearing on defenses based on the enforceability of the guaranty, their very refusal to pay under the guaranty is based on the alleged promise by plaintiff that the tenant would not be charged according to the third amendment's rent schedule after the first year. The third amendment is related to the lease itself, and thus the defense is barred by the waiver, which is sufficiently specific to bar the counterclaim (see e.g. Citibank v Plapinger, 66 NY2d 90, 95 [1985] [fraudulent inducement claim failed for lack of justifiable reliance where the disclaimer contained in the guarantee was "absolute and unconditional" and was made "irrespective of . . . any lack of validity of the (parties' agreement) or any other agreement or instrument relating thereto, or . . . any other circumstance which might otherwise constitute a defense to the guarantee"] [internal quotation marks omitted]; see also Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 494 [2015]).
Even if the defense waivers in the guaranty did not bar the claim, defendants failed to establish their justifiable reliance on plaintiff's purported promise to release the tenant from paying rent under the third amendment to the lease after the first year, because that promise was expressly contradicted by the terms of the third amendment itself (Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011] ["a party claiming fraudulent inducement cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of a contract executed by the allegedly defrauded party"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025