FIRST NATIONAL BANK OF GLENS FALLS, Respondent, v. LAURETTE E. MYERS, Appellant.— Appeal from a judgment of the Supreme Court, Washington County of foreclosure of a mortgage. The mortgage was given to secure payment of $6,000 "to be paid according to a certain note or obligation bearing even date herewith", the note referred to being that of the appellant mortgagor's son and daughter-in-law in amount $16,824.97. The actual effect of the mortgage was to secure to the extent of $6,000 appellant's guarantee of the indebtedness represented by the note, pursuant to a separate instrument whereby appellant "unconditionally" guaranteed ·payment, in broad and comprehensive terms, "irrespective" of various factors and "irrespective of any other circumstance" and consented "that from time to time, without notice * * * payment of any sums payable under said note * * * may be extended in whole or in part". Some payments were made on the indebtedness and two renewal notes were taken, the last in the amount of $16,947.12, which included an additional indebtedness of $791 which had been created subsequent to the original loan and had been represented by another note. Appellant contends that, "When the plaintiff Bank consolidated the note, the payment of which defendant had guaranteed, with other notes, defendant *ipso facto* was released from liability." The contention must be rejected. The indebtedness, which the note and renewal notes served merely to evidence, continued in an amount always greatly in excess of the $6,000 secured by the mortgage (cf. *Powers* v. *Clarke*, 127 N. Y. 417; *Schinasi* v. *Lane*, 118 App. Div. 76, affd. 191 N. Y. 545) and so far as the renewal notes extended payment of that portion of the indebtedness subject to the guarantee, appellant had

consented to the extensions. The conclusion which we have reached upon the merits renders unnecessary our consideration of the procedural question raised by respondent. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.