■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v IRENE SCHWARTZ, as Executrix of SIGMUND P. SCHWARTZ, Deceased, Respondent. — In an action to recover on a guarantee of a note, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered July 22, 1980, as denied its motion for summary judgment, except that it did strike defendant's second and third affirmative defenses. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, motion for summary judgment granted in its entirety, and case remitted to Special Term for a hearing on the reasonableness of the plaintiff's attorney's fees and the entry of an appropriate judgment. On January 7, 1974 Rockaway Enterprises, Inc. (Rockaway) received moneys from the now defunct Franklin National Bank (Franklin), as evidenced by a note dated January 4, 1974. Thereafter, on January 11, 1974, the defendant's decedent executed and delivered to Franklin a guarantee of payment of indebtedness of Rockaway. The guarantee, on a printed form, bore the following words which were typed in at the top of the first page: "This Guaranty is limited to a $300,000.00 Loan Dated January 7, 1974, and any Renewals or Reduced Renewals Thereof." The note was subsequently renewed several times. The last two renewals, dated September 11 and October 11, 1974, were for $500,000, since Rockaway had executed other notes amounting to $200,000 which had been combined with the renewals. The instant suit by the Federal Deposit Insurance Corporation, Franklin's successor, was brought upon Rockaway's default in payment. Plaintiff moved for summary judgment, but Special Term denied the motion, holding that some of the defendant's affirmative defenses had

raised issues of fact. We disagree. One of the defenses is that since the total of Rockaway's notes is $500,000, the guarantor is discharged because he had only agreed to be liable up to $300,000. The law is well settled, however, that where the language of a guarantee is clear and unambiguous, and by its terms the guarantee is a continuing one that limits the guarantor's liability to a certain fixed sum, the guarantor will not be discharged from liability merely because the debtor incurred debts over and above the sum fixed in the guarantee (see *Schinasi v Lane*, 118 App Div 76, affd 191 NY 545; *Powers v Clarke*, 127 NY 417; *First Nat. Bank of Glens Falls v Myers*, 9 AD2d 823; see, also, 57 NY Jur, Suretyship and Guarantee, §§ 83, 155). Moreover, in a case involving a guarantee using the same language as the one herein, the Appellate Division, First Department, rejected a similar argument, i.e., that by lending the principal debtor sums in excess of the guaranteed amount, the guarantor was thereby discharged from all liability. It was held that no issue of fact had been presented (see *Franklin Nat. Bank v Skeist*, 49 AD2d 215). Likewise, in the present case the $300,000 limitation may only be read as meaning that the guarantor would only be liable up to $300,000 and not that any loans in excess thereof would discharge him from any liability whatsoever. In addition, the defendant asserted as a defense that the plaintiff failed to reduce its claim to judgment against the principal obligor, Rockaway, and therefore had failed to fulfill the conditions precedent to the enforcement of any claim against the guarantor. In other words, the argument is that the guarantee is one of collection, not of payment. We hold otherwise. As was stated in *General Phoenix Corp. v Cabot* (300 NY 87, 92): "Whether a surety is a guarantor of payment or a guarantor of collection depends upon the intention of the parties as expressed in the surety contract. If he binds himself to pay immediately upon default of the debtor, he becomes a guarantor of payment; if he binds himself to pay only after all attempts to obtain payment from the debtor have failed, he becomes a guarantor of collection." A reading of the agreement herein demonstrates unequivocally that the guarantee was intended to be one of payment, and *not* of collection, as evidenced by the following language: "the undersigned * * * hereby absolutely and unconditionally guarantees to Bank the prompt payment of claims of every nature and description of Bank against Borrower * * * This guarantee shall be a continuing absolute and *unconditional guarantee of payment*" (emphasis added). In view of the foregoing clear language, FDIC acted properly in bringing suit against the defendant without first seeking to recover from Rockaway. The defendant raised two other related defenses: (1) that plaintiff was guilty of gross laches in failing to take any action to enforce the claim against Rockaway; and (2) that the decedent, the guarantor, made periodic requests of Franklin and the plaintiff to collect the debt from Rockaway while it was still possible. These defenses must also fall. The agreement contained the following clause: "This guarantee shall be a continuing, absolute and unconditional guarantee of payment regardless of the validity, regularity or enforceability of any of said Obligations or purported Obligations * * * and *for any reason including any action, or failure to act, by Bank*" (emphasis added). The foregoing language clearly gave Franklin, now the plaintiff, the choice as to how and when it was going to proceed in order to obtain satisfaction of the debt. Finally, although summary judgment should be granted, the case must be remitted for a hearing on the reasonbleness of the legal services rendered since the agreement merely provided for a fixed percentage (15%) in the event legal services were required (see *National Bank of North Amer. v Smith Mechanical Corp.*, 74 AD2d 600, and cases cited therein). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.