**JPMORGAN CHASE BANK, N.A.,**
Plaintiff–Counter–Defendant–
Appellee,

v.

**Bradley C. REIFLER, Defendant–**
Counter–Claimant–Appellant.

No. 14–2097.

United States Court of Appeals,
Second Circuit.

June 9, 2015.

**12**

O. Andrew F. Wilson (Gregory L. Smith, Law Office of Gregory L. Smith, Brooklyn, NY, on the brief), Emery Celli Brinckerhoff & Abady LLP, New York, NY, for Appellants.

Andrea Likwornik Weiss, Levi Lubarsky & Feigenbaum LLP, New York, NY, for Appellees.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Counter–Claimant–Appellant Bradley C. Reifler appeals from a final judgment in the United States District Court for the Southern District of New York (Batts, J.) granting Plaintiff–Counter–Defendant–Appellee JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss and for summary judgment and principally ordering Reifler to repay the balance remaining due, costs, interest, and attorneys' fees with regard to a loan made to Reifler's former company, Pali Holdings, Inc. ("Pali Holdings"), for which Reifler was the guarantor. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.[1]

■ The district court held that the sole defense available to Reifler was full and final payment of the loan for which he was guarantor. The Guarantee established a broad general waiver of defenses, pursuant to which the guarantor's obligations were "absolute and unconditional" irrespective of "the value, validity or enforceability" of the borrower's obligations to the lender, and "to the fullest extent permitted by applicable law, irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor in its capacity as such." J.A. 70. The Guarantee states:

> This Guarantee will not be discharged except by full, final and irrevocable payment and performance to Beneficiary of all Guaranteed Obligations incurred while it is effective, and this Guarantee shall continue to be effective or be rein-

---

1. We review *de novo* the district court's dismissal of Reifler's counterclaims and defenses. *See Litwin v. Blackstone Grp., L.P.,* 634 F.3d 706, 715 (2d Cir.2011). We also review *de novo* orders granting summary judgment, and will affirm the judgment if, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no material issue of fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

stated (as the case may be) if at any time all or any part of any payment of a Guaranteed Obligation or interest thereon[,] or delivery or other performance by Obligor or by Guarantor of a Guaranteed Obligation is avoided, repaid or restored for any reason whatsoever, all as though such payment, delivery or performance had not been made.

J.A. 71.

Reifler argues that the Guarantee's waiver provisions contain a "broad exception" for defenses that "relate to payment." Appellant's Br. 29. This contention is based on Reifler's variously omitting, expanding, and twisting the Guarantee's language. His inventive construction does not render the Guarantee's plain language ambiguous. *See Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan,* 7 F.3d 1091, 1095 (2d Cir.1993).

■ Reifler contends it was error for the district court to dismiss defenses related to the Guarantee itself, specifically his claim of fraudulent inducement, because, he contends, the Guarantee's waiver of defenses applies only to defenses relating to the underlying loan obligations. *See* Appellant's Br. 29–30. To the contrary, absolute and unconditional guaranties have been found to preclude guarantors from asserting a broad range of defenses under New York law, including fraud in the inducement. *See, e.g., Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 495 N.Y.S.2d 309, 311–12, 485 N.E.2d 974 (1985); *Chemical Bank v. Sepler,* 60 N.Y.2d 289, 469 N.Y.S.2d 609, 611, 457 N.E.2d 714 (1983); *FDIC v. Schwartz,* 78 A.D.2d 867, 432 N.Y.S.2d 899, 901 (2d Dep't 1980).

■ Reifler argues that Chase cannot enforce the Guarantee because he terminated the Guarantee before Chase took possession of any rights thereunder and

that, in any event, assignment of the underlying loan extinguished his obligations as guarantor. Appellant's Br. 21–26. The district court properly dismissed these arguments as foreclosed under the plain terms of the Guarantee. *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 188 F.3d 31, 36 (2d Cir.1999).

■ Finally, Reifler contends that Chase breached the covenant of good faith and fair dealing when it seized Pali Holdings's funds in a Chase account and negotiated a "new loan" with Pali Holdings. Appellant's Br. 27–28. Freezing funds merely places a hold on them and is not payment. *See Citizens Bank of Md. v. Strumpf,* 516 U.S. 16, 19, 21, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (discussing bank's "administrative hold" on account funds, by which bank "did not purport permanently to reduce [borrower's] account balance by the amount of the defaulted loan"). Because Reifler does not aver that the loan was fully repaid as required by the Guarantee, this argument is not a defense to the Guarantee.

We have considered Reifler's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.