14-2097
*JPMorgan Chase Bank, N.A. v. Bradley C. Reifler*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand fifteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

JPMORGAN CHASE BANK, N.A.,

        *Plaintiff-Counter-Defendant-Appellee,*

    -v.-                                            No. 14-2097

BRADLEY C. REIFLER,

        *Defendant-Counter-Claimant-Appellant.*

_____

FOR APPELLANTS:     O. ANDREW F. WILSON (Gregory L. Smith, Law Office of Gregory L. Smith, Brooklyn, NY, *on the brief*), Emery Celli Brinckerhoff & Abady LLP, New York, NY.

FOR APPELLEES:      ANDREA LIKWORNIK WEISS, Levi Lubarsky & Feigenbaum LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Deborah A. Batts, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Bradley C. Reifler appeals from a final judgment in the United States District Court for the Southern District of New York (Batts, J.) granting Plaintiff-Counter-Defendant-Appellee JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss and for summary judgment and principally ordering Reifler to repay the balance remaining due, costs, interest, and attorneys' fees with regard to a loan made to Reifler's former company, Pali Holdings, Inc. ("Pali Holdings"), for which Reifler was the guarantor. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.[1]

---

[1] We review *de novo* the district court's dismissal of Reifler's counterclaims and defenses. *See Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). We also review *de novo* orders granting summary judgment, and will affirm the judgment if, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no material issue of fact and the

The district court held that the sole defense available to Reifler was full and final payment of the loan for which he was guarantor. The Guarantee established a broad general waiver of defenses, pursuant to which the guarantor's obligations were "absolute and unconditional" irrespective of "the value, validity or enforceability" of the borrower's obligations to the lender, and "to the fullest extent permitted by applicable law, irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor in its capacity as such." J.A. 70. The Guarantee states:

> This Guarantee will not be discharged except by full, final and irrevocable payment and performance to Beneficiary of all Guaranteed Obligations incurred while it is effective, and this Guarantee shall continue to be effective or be reinstated (as the case may be) if at any time all or any part of any payment of a Guaranteed Obligation or interest thereon[,] or delivery or other performance by Obligor or by Guarantor of a Guaranteed Obligation is avoided, repaid or restored for any reason whatsoever, all as though such payment, delivery or performance had not been made.

J.A. 71.

Reifler argues that the Guarantee's waiver provisions contain a "broad exception" for defenses that "relate to payment." Appellant's Br. 29. This

---

moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

3

contention is based on Reifler's variously omitting, expanding, and twisting the Guarantee's language. His inventive construction does not render the Guarantee's plain language ambiguous. *See Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993).

Reifler contends it was error for the district court to dismiss defenses related to the Guarantee itself, specifically his claim of fraudulent inducement, because, he contends, the Guarantee's waiver of defenses applies only to defenses relating to the underlying loan obligations. *See* Appellant's Br. 29–30. To the contrary, absolute and unconditional guaranties have been found to preclude guarantors from asserting a broad range of defenses under New York law, including fraud in the inducement. *See, e.g., Citibank, N.A. v. Plapinger*, 495 N.Y.S.2d 309, 311–12 (1985); *Chemical Bank v. Sepler*, 469 N.Y.S.2d 609, 611 (1983); *FDIC v. Schwartz*, 432 N.Y.S.2d 899, 901 (App. Div. 2d Dep't 1980).

Reifler argues that Chase cannot enforce the Guarantee because he terminated the Guarantee before Chase took possession of any rights thereunder and that, in any event, assignment of the underlying loan extinguished his obligations as guarantor. Appellant's Br. 21–26. The district court properly dismissed these arguments as foreclosed under the plain terms of the Guarantee.

*See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 36 (2d Cir. 1999).

Finally, Reifler contends that Chase breached the covenant of good faith and fair dealing when it seized Pali Holdings's funds in a Chase account and negotiated a "new loan" with Pali Holdings. Appellant's Br. 27–28. Freezing funds merely places a hold on them and is not payment. *See Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19, 21 (1995) (discussing bank's "administrative hold" on account funds, by which bank "did not purport permanently to reduce [borrower's] account balance by the amount of the defaulted loan"). Because Reifler does not aver that the loan was fully repaid as required by the Guarantee, this argument is not a defense to the Guarantee.

We have considered Reifler's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk