■ FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Respondent, v DOKKIM LTD. et al., Defendants, and NARA INC. et al., Appellants.—In an action to recover upon personal and corporate guarantees of a promissory note, the defendants Chong Ok Nam and Nara Inc., appeal from a judgment of the

Supreme Court, Queens County (Leviss, J.), dated February 25, 1987, which after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $60,208.18.

Ordered that the judgment is affirmed, with costs.

On June 18, 1984, the plaintiff's predecessor in interest loaned the defendant Dokkim Ltd. (hereinafter Dokkim) the sum of $84,278.40. In connection with the loan, the defendant Chong Ok Nam executed a personal "Guaranty Of All Liability" and a "Guaranty Of All Liability" on behalf of Nara Inc., a corporation of which she was secretary and president. Dokkim Ltd. defaulted on repayment of the loan, and the instant action against Dokkim and its guarantors ensued.

The defendant Chong Ok Nam asserted an affirmative defense of fraudulent inducement, claiming that because of her limited knowledge of the English language, she could not read the guarantees she signed, that codefendant Hunya Kim told her observing a loan closing would be good experience, and that the loan broker responsible for translating English into Korean at the closing misrepresented the nature of the guarantee agreements to her. While it is well established that "[o]rdinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby" (*Pimpinello v Swift & Co.*, 253 NY 159, 162) an exception exists where the signer is "illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him" (*Pimpinello v Swift & Co., supra* at 163). However, the trial court found, and the record supports its conclusion, that Chong Ok Nam understood what she was doing when she signed the guarantees, and that her claim that she believed she was signing merely as a witness is not credible. In this regard, we note that Chong Ok Nam had resided in this country for seven years when the guarantees were executed, and was the president and secretary of Nara Inc., a corporation she had formed for the sale of ladies handbags. Further, there was documentary evidence that Chong Ok Nam had signed a financial statement on May 29, 1984, for use in Dokkim's loan application.

Contrary to Chong Ok Nam's assertions, there was competent documentary evidence admitted to establish the amount of the loan to Dokkim and the extent to which Dokkim had repaid the loan before and after entry of a default judgment against it. Further, counsel fees due pursuant to the guarantee agreement were properly awarded to the plaintiff on a quantum meruit basis after the trial court made an inquiry into the actual number of hours expended by the plaintiff's

counsel during each phase of litigation *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *Beacon Fed. Sav. & Loan Assn. v Marks,* 97 AD2d 451, *lv dismissed* 60 NY2d 560). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.