■ Zaro Bake Shop, Inc., Appellant, v Orlando R. David et al., Respondents, et al., Defendants.—In an action to recover on a promissory note guarantee, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated December 21, 1989, as granted the motion of the defendants Orlando R. David and Josephine C. David for reargument, and, upon reargument, (1) denied the plaintiff's motion for summary judgment against those defendants, and (2) denied the plaintiff's motion to dismiss the counterclaim interposed by those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

This case arose from a promissory note executed by Calrat Enterprises, Inc. (hereinafter Calrat), the borrower, and Chemical Bank, the lender. The note, which was executed in conjunction with Calrat's purchase of a bakery franchise, was guaranteed by the defendants Orlando R. David and Josephine C. David (hereinafter the Davids). The guarantee and the note were later assigned to the plaintiff Zaro Bake Shop, Inc. When Calrat defaulted on the note, the plaintiff commenced this action to recover the balance due on the note. The Davids thereafter asserted as an affirmative defense and counterclaim that they had been fraudulently induced to execute the guarantee.

The court properly denied the plaintiff's motion for summary judgment. The fraudulent inducement claim raises a triable issue of fact concerning whether the Davids, in executing the guarantee, relied on representations made by the plaintiff (see, GTE Automatic Elec. v Martin's, Inc., 127 AD2d 545, 546). Additionally, although the guarantee provided that the Davids were "absolutely and unconditionally" liable on the note, such language, in and of itself, was, contrary to the plaintiff's contention, insufficient to preclude the Davids from introducing proof of fraud in the inducement (see, Millerton Agway Coop. v Briarcliff Farms, 17 NY2d 57; GTE Automatic Elec. v Martin's, Inc., supra, at 546; cf., Citibank v Plapinger, 66 NY2d 90).

We also reject the plaintiff's contention that the counterclaim must be dismissed on the ground that it failed to state a cause of action (see, CPLR 3211 [a] [7]). Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.