(April 15, 1996)

■ AFG Industries, Inc., Respondent, v Empire Glass Company, Inc., et al., Defendants, and Maria Torresy, Appellant. [641 NYS2d 106] —In an action to recover payment for goods sold and delivered and to recover on an account stated, the defendant Maria Torresy appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated March 13, 1995, as upon reargument, adhered to its prior determination granting the plaintiff's motion for summary judgment against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's claim that the court improperly granted the plaintiff's motion for summary judgment is without merit. A guarantor may raise a triable issue of fact concerning whether he or she was induced to execute a guarantee in reliance upon fraudulent representations made by the opposing party (*see, Zaro Bake Shop v David,* 176 AD2d 721; *GTE Automatic Elec. v Martin's, Inc.,* 127 AD2d 545, 546). However, no triable issue of fact is raised where "an express provision in the written contract contradicts the claimed oral representations in a meaningful fashion" and the conflict between the two "negates the claim of reliance upon [the claimed oral representations]" (*Bango v Naughton,* 184 AD2d 961, 963; *see, Rudnick v Glendale Sys.,* 222 AD2d 572; *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.,* 189 AD2d 929, 932). In this case, the appellant's claim of reliance on alleged oral representations is contradicted by the written provision that the guarantee was a continuing one which "shall extend to all sales and deliveries of products" by the plaintiff to the defendant Empire Glass Company. This provision negates the appellant's claim that she relied upon any such oral representations.

The appellant's remaining contention is without merit (*see, Werner v Nelkin*, 206 AD2d 422, 423; *Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746; *cf., Dynaforce v Bruno GMC Truck Sales Corp.*, 223 AD2d 618). Miller, J. P., Joy, Hart and Krausman, JJ., concur.