■ VINCENT R. DEANGELIS, Respondent, v KOREA FIRST BANK, NEW YORK AGENCY, Appellant, et al., Defendants. (Action No. 1.) KOREA FIRST BANK, NEW YORK AGENCY, Appellant, v 78-14 ROOSEVELT, INC., et al., Defendants, and CHARLES R. CHUNG et al., Respondents. (Action No. 2.) [678 NYS2d 133] —In related actions to rescind a personal guarantee of a corporate obligation (Action No. 1) and to recover a money judgment on a promissory note and nine guarantees (Action No. 2), Korea First Bank, New York Agency, a defendant in Action No. 1 and the plaintiff in Action No. 2, appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered May 7, 1997, which, upon an order of the same court, dated December 9, 1996, (1) is in favor of the plaintiff and against it on the first cause of action asserted against it in Action No. 1, (2) declares that the guarantees under review were void *ab initio,* and (3) dismisses its complaint in Action No. 2 against all of the defendants.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated insofar as it (a), upon searching the record, granted summary judgment in favor of the plaintiff on his first cause of action against the appellant in Action No. 1, (b) declared that the guarantee signed by the plaintiff in Action No. 1 was void, and (c), upon the cross motion of the defendant Charles R. Chung in Action No. 2, *inter alia,* to dismiss the complaint, dismissed the complaint in Action No. 2 as against all the defendants; that branch of the cross motion of the defendant Charles R. Chung which was to dismiss the complaint in Action No. 2 as against him for failure to state a cause of action is denied, and the complaint in Action No. 2 is reinstated as against all the defendants; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, to address those branches of the defendant Charles R. Chung's cross motion which were not determined on the ground that they were rendered academic by the order dated December 9, 1996.

The appellant Korea First Bank, New York Agency, alleges

that the individual defendants in Action No. 2, Charles R. Chung, Vincent R. DeAngelis, Seong Jun Kim, Sun Lae Kim, Young Hee Kim, Anna Young Lee, Gene W. Lee, June Woo Lee, and Sun Yong Pak, unconditionally guaranteed payment of certain obligations of 78-14 Roosevelt, Inc. Three of these alleged guarantors have defaulted. The Supreme Court, in a decision dated October 18, 1996, held, *inter alia*, that the remaining six guarantors are entitled to summary judgment dismissing Action No. 2 against them based on these guarantees. The court found "overwhelming evidence * * * that agents, representatives and officials [of the appellant] deceived the defendants [in Action number 2] and obtained their signatures by concealing the nature of the document they signed". The court also found that "the [appellant] and the individual defendants [in Action number 2] never reached agreement on the essential terms of the proposed guaranty". For these reasons the court dismissed Action No. 2 and granted judgment in favor of Vincent R. DeAngelis on his first cause of action in Action No. 1, declaring that the guarantee executed by him was null and void.

Under the particular facts presented, we conclude that the six nondefaulting individual defendants in Action No. 2 have raised a triable issue of fact as to whether they executed the guarantees in reliance upon fraudulent representations made by agents of the appellant (*see generally, Zaro Bake Shop v David,* 176 AD2d 721; *cf., Federal Sav. & Loan Ins. Corp. v Dokkim Ltd.,* 142 AD2d 548). We do not agree with the Supreme Court that the showing of fraud in the inducement was so unequivocal as to warrant partial summary judgment in Action No. 1 or a dismissal of the complaint in Action No. 2. The validity of the guarantees is a matter to be decided at the trial of the two related actions.

We note that, in light of its order, the Supreme Court did not address certain branches of the cross motion of Charles R. Chung, including that branch of his motion which was to dismiss the complaint insofar as asserted against him in Action No. 2 on the basis of lack of personal jurisdiction. These issues should be addressed on remittitur.

The parties' remaining contentions are without merit. Bracken, J. P., Pizzuto, Joy and McGinity, JJ., concur.