■ AMERICAN REALTY CORP. OF NY et al., Appellants, v RAGOBAR D. SUKHU, Respondent. [934 NYS2d 504]—

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Gullery v Imburgio*, 74 AD3d 1022, 1022 [2010]). Once the plaintiff submits evidence establishing these elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]).

Here, the Supreme Court denied the plaintiffs' motion for summary judgment in lieu of complaint. In the order appealed from, the Supreme Court then granted the plaintiffs' subsequent motion for leave to reargue, and, upon reargument, adhered to its original determination. We affirm the order made upon reargument insofar as appealed from.

The plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the subject promissory note, which was signed by the defendant and which contained an unequivocal and unconditional obligation to repay, and by showing that the defendant failed to pay in accordance with the note's terms. However, in opposition to the plaintiffs' prima facie showing, the defendant raised a triable issue of fact with respect to the bona fide defense of lack of consideration for the note (*see Samet v Binson*, 79 AD3d 1005, 1005-1006 [2010]; *Mastro v Carroll*, 296 AD2d 802, 802-803 [2002]; *Cafaro v Squitieri*, 290 AD2d 472 [2002]; *Manufacturers Hanover Trust Co. v L.N. Props.*, 174 AD2d 383 [1991]).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying the plaintiffs' motion for summary judgment in lieu of complaint. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.