THOMAS A. SHARON, Respondent, v AMERICAN HEALTH PROVIDERS, Defendant, and ARTHUR WHEELER, Appellant. [963 NYS2d 194]—

Order, Supreme Court, New York County (Ira Gammerman, JHO), entered March 14, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff commenced this action in 1999 to collect on a promissory note that defendant American Health Providers (AHP) issued to him and to enforce the note's guarantee by defendant Arthur Wheeler, AHP's principal. The note states that AHP issued it in consideration of plaintiff's transfer to that entity of all outstanding shares of a corporation named Nurses Station of America, Inc. (NSOA). The court entered a default judgment against both AHP and Wheeler in 2000. In 2009, after Wheeler moved for relief from his default, the parties stipulated to vacatur of the judgment as against him. Thereafter, plaintiff

moved for summary judgment on the merits of his claim against Wheeler as guarantor of the note. The court denied the motion on the ground that it was supported only by a copy of the affidavit plaintiff had submitted in opposition to the motion to vacate the default. After the close of discovery, plaintiff made a second motion for summary judgment, this time supported by a new affidavit, and the court granted this motion. Wheeler appeals.

Although sufficient cause existed to entertain the second summary judgment motion on the merits (*see Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]), we hold that, on the merits, the motion should have been denied. Assuming the truth of Wheeler's allegations (which plaintiff strenuously denies) and drawing all reasonable inferences in his favor, as we must, Wheeler's opposition affidavit raises triable issues as to certain defenses to the enforcement of his guarantee of the note, including failure of consideration and failure of a condition precedent (*see Walcutt v Clevite Corp.*, 13 NY2d 48, 56 [1963] ["the guarantor is not liable unless the principal is bound"]). Among other things, Wheeler denies that plaintiff ever transferred the NSOA stock to AHP, denies that NSOA had the value that the promissory note attributed to it, and claims that the parties did not intend the note to become effective until a license was obtained. Should Wheeler succeed in proving his allegations, it would follow that plaintiff took the note with notice of these defenses and, therefore, that he is not a holder in due course (*see* UCC 3-302 [1]). In that event, the defenses that Wheeler asserts would defeat plaintiff's claim to enforce Wheeler's guarantee of the note (*see* UCC 3-306 [b], [c]; 3-408; *American Realty Corp. of NY v Sukhu*, 90 AD3d 792 [2d Dept 2011]; *Manufacturers Hanover Trust Co. v L.N. Props.*, 174 AD2d 383 [1st Dept 1991]; *Mansion Carpets v Marinoff*, 24 AD2d 947 [1st Dept 1965]). The parol evidence rule does not bar the admission of evidence tending to prove the particular asserted defenses (*see Long Is. Trust Co. v International Inst. for Packaging Educ.*, 38 NY2d 493, 496 [1976]; *Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 258 [1970]; *Amirana v Howland*, 202 AD2d 783, 784 [3d Dept 1994]; *Pan Atl. Group v Isacsen*, 114 AD2d 1022 [2d Dept 1985]). Significantly, the note does not contain a merger clause. Moreover, plaintiff has not offered documentary evidence dispositive of Wheeler's asserted defenses. Accordingly, further proceedings are required to determine whether plaintiff is entitled to enforce Wheeler's guarantee of the note. Concur—Friedman, J.P., Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.