■ CAMMEBY'S EQUITY HOLDINGS LLC, Respondent, v MARINER HEALTH CARE, INC., et al., Appellants. [966 NYS2d 26]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 16, 2012, which, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs. Orders, same court and Justice, entered September 20, 2012 and November 13, 2012, which, to the extent appealable, denied defendants' respective motions to renew, unanimously affirmed, with costs, and appeal from the November 13, 2012 order otherwise dismissed, without costs, as taken from a nonappealable paper.

Plaintiff's option agreement unambiguously provided that the option was granted in exchange for mutual covenants, and therefore parol evidence was inadmissible to show that a loan was the actual consideration. Moreover, had the sophisticated parties intended to make the loan a condition to enforceability of the option, they could have included a provision to that effect (see *Schron v Troutman Sanders LLP*, 20 NY3d 430 [2013]). Contrary to defendants' contention, it makes no difference that,

unlike the circumstance in *Schron*, the issue was resolved after disclosure, because whether an agreement is ambiguous is a question of law to be resolved by the court (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Plaintiff established prima facie that the loan debt that was to be extinguished as consideration for exercise of the option remained outstanding. In opposition, although the parol evidence rule does not preclude the defense of failure of consideration (*see Sharon v American Health Providers*, 105 AD3d 508 [1st Dept 2013]), defendants failed to submit evidence to support their defense that the debt did not exist because the loan was never advanced (*see Schron v Grunstein*, 105 AD3d 430 [1st Dept 2013]). That the loan was funded is demonstrated by the explicit admission by defendant Grunstein, the president of both corporate defendants, in a June 2006 letter that he later explained insufficiently by claiming that he had not read it before signing (*see Pimpinello v Swift & Co.*, 253 NY 159, 162-163 [1930]) and by the conclusive inclusion of the note as an outstanding debt on the lender's books (*see Schron v Grunstein*, 105 AD3d at 430).

As in *Fundamental Long Term Care Holdings, LLC v Cammeby's Funding LLC* (20 NY3d 438 [2013]), defendants cannot make the option agreement subject to the terms of other agreements; the pledges of defendant corporations' stock to a third-party lender merely created security interests and did not void the option agreement.

Defendants' "new" evidence in support of renewal was merely cumulative and would not have changed the prior determination (*see* CPLR 2221 [e]). Defendants also offered no justification for the failure to submit it on the prior motion (*see id.*). The denial of reargument is not appealable (*see* CPLR 5701 [a] [2] [vii]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.