In an action to recover on a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 10, 2015, which denied its motion for summary judgment in lieu of complaint.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The plaintiff entered into a written agreement to sell a business to Old Green Truck, Inc. (hereinafter OGT), in 2008. The defendant is the president and sole shareholder of OGT. In connection with the sale, the defendant, in his capacity as president of OGT, executed a promissory note on behalf of OGT in favor of the plaintiff. The defendant also executed a personal guaranty in which he agreed to be responsible for the payment and performance obligations of OGT. Following a default by OGT under the note, the plaintiff commenced this action against the defendant on the guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court denied the motion, and we affirm.
 

 CPLR 3213 provides a means of obtaining an accelerated judgment where a defendant’s liability is premised upon an instrument for the payment of money only, such as an unconditional guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., “Rabobank Intl.” N.Y. Branch v Navarro, 25 NY3d 485, 491-492 [2015]; Council Commerce Corp. v Paschalides, 92 AD2d 579 [1983]). Here, the plaintiff established its prima facie entitlement to summary judgment by proving the existence of the guaranty, the underlying debt, and the defendant guarantor’s failure to perform under the guaranty (see United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d 1304, 1306 [2017]; North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701 [2008]). However, as the Supreme Court correctly determined, the defendant raised a triable issue of fact regarding his defense of partial lack of consideration by submitting admissible evidence of the plaintiff’s failure to convey certain assets of the business as promised (see generally Walcutt v Clevite Corp., 13 NY2d 48, 56 [1963]; Sharon v American Health Providers, 105 AD3d 508, 509 [2013]; Culver v Parsons, 7 AD3d 931, 933 [2004]; Fopeco, Inc. v General Coatings Technologies, 107 AD2d 609, 610 [1985]; H.H. & F.E. Bean, Inc. v Travelers Indem. Co., 67 AD2d 1102, 1103 [1979]).
 

 Furthermore, the defendant raised a triable issue of fact as to whether he was induced to execute the guaranty by certain fraudulent representations made by the plaintiff’s president, a defense which the defendant may assert because it is personal to him (see DeAngelis v Korea First Bank, N.Y. Agency, 254 AD2d 243, 244 [1998]) and because he is the sole owner and principal of OGT (see Walcutt v Clevite Corp., 13 NY2d at 56-57). Additionally, the defendant’s guaranty did not contain broad, sweeping language waiving any and all defenses (cf. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., “Rabobank Intl.,” N.Y. Branch v Navarro, 25 NY3d at 493-495; Citibank v Plapinger, 66 NY2d 90, 95 [1985]), and thus, did not bar the assertion of defenses herein (see DeAngelis v Korea First Bank, N.Y. Agency, 254 AD2d at 244; Zaro Bake Shop v David, 176 AD2d 721 [1991]). Likewise, the plaintiff’s contentions that the proffered defenses are barred by the parol evidence rule and by the presence of a merger clause in the underlying asset purchase agreement are unpersuasive (see Cammeby’s Equity Holdings LLC v Mariner Health Care, Inc., 106 AD3d 563, 564 [2013]), especially in view of the plaintiff’s failure to provide the court with the various exhibits and schedules that were appended to the agreement.
 

 The plaintiff’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment in lieu of complaint pursuant to CPLR 3213.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.