Porat v Rybina (2019 NY Slip Op 07900)





Porat v Rybina


2019 NY Slip Op 07900


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-03384
 (Index No. 9392/15)

[*1]Gary Porat, respondent, 
v
Svetlana Rybina, et al., appellants.


Vogel Bach & Horn LLP, New York, NY (Victoria Bach and Michael Dachs of counsel), for appellants.
C.T. Lee & Associates, New York, NY (Corey T. Lee of counsel), for respondent.



DECISION & ORDER
In an action to recover on three promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated December 26, 2017. The order, insofar as appealed from, granted the plaintiff's motion and denied those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the action insofar as asserted against the defendant Igor Rybin.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion and deeming the motion and answering papers to be the complaint and answer, respectively; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On April 22, 2014, the plaintiff, Gary Porat, and the defendants, Svetlana Rybina and Igor Rybin, executed three promissory notes in which Porat was the lender, Rybina was the borrower, and Rybin was both a borrower and guarantor. When the defendants defaulted on the promissory notes, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the notes, and the defendants cross-moved, inter alia, to dismiss the action. The Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendants' cross motion which were to dismiss the action insofar as asserted against Rybin. The defendants appeal.
Under CPLR 3213, a plaintiff establishes its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it "show[s] the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Lugli v Johnston, 78 AD3d 1133, 1135). Once a plaintiff has established its prima facie entitlement to judgment as a matter of law, "the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of [*2]law by his submission of the three promissory notes that were executed by both defendants, which contained an unconditional obligation to repay the plaintiff by a certain date, and his sworn affidavit which averred that the defendants had defaulted on all three notes (see Lugli v Johnston, 78 AD3d at 1135). In opposition, the defendants raised a triable issue of fact with respect to the defense of lack of consideration, by submitting their sworn affidavits which averred that the plaintiff failed to transfer any funds or give any financial benefits to the defendants pursuant to the promissory notes (see Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735; America Realty Corp. of NY v Sukhu, 90 AD3d 792, 793). In reply, the plaintiff failed to submit admissible evidence addressing the defendants' contentions. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint (see Denjonbklyn, Inc. v Rojas, 154 AD3d at 735).
When moving for dismissal pursuant to CPLR 3211(a)(1), the motion will only be granted if the party submits documentary evidence that utterly refutes the plaintiff's factual allegations and conclusively establishes a defense as a matter of law (see Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997). Documentary evidence "must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). Documents that qualify as documentary evidence include judicial records, mortgages, deeds, and contracts (see Hartnagel v FTW Contr., 147 AD3d 819, 820). Affidavits, deposition testimony, and letters are not documentary evidence (see Granada Condominium III Assn. v Palomino, 78 AD3d at 997). "If the evidence submitted in support of the motion is not documentary,' the motion must be denied" (Phillips v Taco Bell Corp., 152 AD3d 806, 807).
Here, the affidavits submitted by the defendants are not considered documentary evidence (see Granada Condominium III Assn. v Palomino, 78 AD3d at 997). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the action insofar as asserted against Rybin (see Phillips v Taco Bell Corp., 154 AD3d at 807).
When a party moves pursuant to CPLR 3211(a)(7) to dismiss an action, the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1180-1181). In deciding the motion, the court must accept the facts as alleged by the plaintiff as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
While a defendant is permitted to submit evidentiary material in support of a motion to dismiss pursuant to CPLR 3211(a)(7), "[i]f the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "[A]ffidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action'" (Sokol v Leader, 74 AD3d at 1182, quoting Lawrence v Graubard Miller, 11 NY3d 588, 595). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
Here, the plaintiff stated a cause of action by alleging that Rybin had signed three promissory notes to repay stated sums over stated periods of time and had defaulted on the notes, and by submitting the promissory notes executed by Rybin (see Lugli v Johnston, 78 AD3d at 1134-1135). The defendants submitted no evidence refuting these facts. Contrary to the defendants' contention, consideration for a promissory note is not an element required to state a cause of action (see American Realty Corp. of NY v Sukhu, 90 AD3d at 793). Instead, lack of consideration is a defense that can be raised by a defendant in opposition to a plaintiff's prima facie showing of entitlement to judgment as a matter of law (see id.). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the action insofar as asserted against Rybin (see Sokol v Leader, 74 AD3d at [*3]1182).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court