Holmquist v Orphanides (2023 NY Slip Op 04660)

Holmquist v Orphanides

2023 NY Slip Op 04660

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-04596
 (Index No. 717036/19)

[*1]Sharon Holmquist, appellant, 
v
Harry Harilaos Orphanides, et al., respondents.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Christen Giannaros, and Nicholas Bruno], of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered June 24, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Rallye BMW.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Rallye BMW is denied.
In July 2017, a vehicle owned by the defendant Rallye BMW (hereinafter Rallye) and operated by the defendant Harry Harilaos Orphanides was involved in an accident with a vehicle owned and operated by the plaintiff. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the accident. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Rallye based upon the application of the Graves Amendment (see 49 USC § 30106). In an order entered June 24, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"Pursuant to the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner" (Harewood v Zip Car, 189 [*2]AD3d 1192, 1193 [emphasis added]; see 49 USC § 30106[a]).
In considering a motion pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Further, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it," dismissal should not eventuate (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, contrary to the defendants' contention, an affidavit from Rallye's employee, who averred that Rallye's vehicle was in good working condition at the time it allegedly was rented to Orphanides, did not show that the plaintiff's allegation of negligent maintenance on the part of Rallye was not a fact at all (see Thorpe v AutoZone, Inc., 212 AD3d 861, 863; see generally Guggenheimer v Ginzburg, 43 NY2d at 275).
Further, the employee's affidavit did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Phillips v Taco Bell Corp., 152 AD3d 806, 807).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Rallye.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court