Kurtaj v Borax Paper Prods., Inc. (2024 NY Slip Op 05094)

Kurtaj v Borax Paper Prods., Inc.

2024 NY Slip Op 05094

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-03491
 (Index No. 509788/22)

[*1]Arjeta Kurtaj, appellant, 
v
Borax Paper Products, Inc., et al., respondents.

Koenigsberg & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Joshua Block], of counsel), for appellant.
Montfort, Healy, McGuire and Salley LLP, Garden City, NY (Hugh J. Larkin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 9, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a)(1) and 3212 to dismiss the complaint insofar as asserted against the defendants Borax Paper Products, Inc., and Salem Truck Leasing, Inc.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(1) and 3212 to dismiss the complaint insofar as asserted against the defendants Borax Paper Products, Inc., and Salem Truck Leasing, Inc., is denied.
In April 2022, the plaintiff commenced this action against, among others, the defendants Borax Paper Products, Inc. (hereinafter Borax), and Salem Truck Leasing, Inc. (hereinafter Salem, and together with Borax, the Borax defendants), to recover damages for personal injuries she alleged she sustained in October 2021 when the Borax defendants' truck collided with the vehicle she was driving. The plaintiff alleged, inter alia, that the truck displayed an advertisement for Borax, including contact information.
As is relevant to the appeal, in November 2022, the defendants moved pursuant to CPLR 3211(a)(1) and 3212 to dismiss the complaint insofar as asserted against the Borax defendants. By order dated March 9, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals. We reverse.
"A motion to dismiss . . . pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law" (Leader v Steinway, Inc., 180 AD3d 886, 887). The evidence submitted in support of such a motion must be documentary or the motion must be denied (see Phillips v Taco Bell Corp., 152 AD3d 806, 807). "To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity" (Hartnagel v FTW Contr., 147 AD3d 819, 820 [internal quotation marks omitted]; see Leader v Steinway, Inc., 180 AD3d at 887). "'An affidavit [*2]is not documentary evidence because its contents can be controverted by other evidence, such as another affidavit'" (Varricchio v Big Bros. Big Sisters of Am., Inc., 220 AD3d 905, 906, quoting Phillips v Taco Bell Corp., 152 AD3d at 807).
Here, contrary to the defendants' contention, the affidavit of an officer of the defendant Imperial Bag and Paper Co., LLC (hereinafter Imperial), was not documentary evidence, and the leases proffered therewith failed to conclusively dispose of the plaintiff's claim (see Holmquist v Orphanides, 219 AD3d 1415, 1417; Davis v Henry, 212 AD3d 597, 598). Moreover, the affidavit of Imperial's officer did not attach as an exhibit the asset purchase agreement referred to therein nor did it specify the scope of Imperial's acquisition of Borax's liabilities, such as a time frame, nature of the liabilities, or whether any exclusions applied (see Davis v Henry, 212 AD3d at 598; Hartnagel v FTW Contr., 147 AD3d at 821).
Further, contrary to the defendants' contention that Borax is no longer in existence since Imperial acquired it, the plaintiff raised a triable issue of fact as to Borax's continued existence and operation. Here, the plaintiff, in opposition to the defendants' motion, submitted her affidavit and photographs indicating that the truck that collided with her vehicle displayed Borax's advertisement and contact information. That evidence, along with the defendants' admission that Borax was still a viable corporate entity (see 5000, Inc. v Hudson One, Inc., 130 AD3d 678, 679), raised triable issues of fact as to Borax's continued operation and viability and the extent of Imperial's acquisition of Borax's assets, liabilities, and operations (see Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735).
"'Pursuant to the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner'" (Holmquist v Orphanides, 219 AD3d at 1416 [emphasis omitted], quoting Harewood v Zip Car, 189 AD3d 1192, 1193).
Here, to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Salem, the defendants were required to show that (1) Salem owned the truck driven by the defendant Guillermo Alfonso Marquez Vasquez, (2) that it engaged in the business of leasing or renting motor vehicles, (3) that the accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation that negligent maintenance contributed to the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741). Contrary to the defendants' contentions, the evidentiary submissions did not conclusively establish that Salem was shielded by the Graves Amendment (see Tello v Upadhyaya, 215 AD3d 778, 779-780). In support of their motion, the defendants submitted two lease agreements, one between Salem and Borax and one between Salem and Imperial. The lease agreement between Salem and Imperial, however, failed to identify whether it covered the truck that the plaintiff alleged collided with her vehicle and, if so, the duration of the lease term for that truck. Further, the defendants failed to include any sworn statement of any person with personal knowledge regarding the leases or the truck (see id.). Moreover, to the extent that the plaintiff's theory of negligent maintenance was supported by factual allegations, the defendants failed to submit documentary evidence that utterly refuted these factual allegations (see Transcan Sys., Inc v Seldat Distrib., Inc., 209 AD3d 911, 914).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(1) and 3212 to dismiss the complaint insofar as asserted against the Borax defendants.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court