Porat v Rybina (2024 NY Slip Op 51489(U))

[*1]

Porat v Rybina

2024 NY Slip Op 51489(U)

Decided on November 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 1, 2024
Supreme Court, Kings County

Gary Porat, Plaintiff,

against
Svetlana Rybina and Igor Rybin, Defendants.

Index No. 9392/2015

Miletti Law, P.C., Astoria (Vincent Miletti of counsel), for plaintiff.
The Law Offices of Michael Dachs, Esq., New York City (Michael Dachs of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 72-108.
Upon the foregoing papers, having heard oral argument,[FN1]
and due deliberation having been had, the within plaintiff's motion for summary judgment is determined as follows.
Background
This longstanding action commenced by plaintiff involves his claim that defendants failed to pay money loaned to them, as evidenced by promissory notes. The action was commenced by a summons with motion for summary judgment in lieu of complaint. The action previously being before the Appellate Division, Second Department, a recital from their opinion as to what has transpired heretofore is in order:[FN2]

On April 22, 2014, the plaintiff, Gary Porat, and the defendants, Svetlana Rybina and Igor Rybin, executed three promissory notes in which Porat was the lender, Rybina was [*2]the borrower, and Rybin was both a borrower and guarantor. When the defendants defaulted on the promissory notes, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the notes, and the defendants cross-moved, inter alia, to dismiss the action. The Supreme Court, among other things, granted the plaintiff's motion and denied those branches of the defendants' cross motion which were to dismiss the action insofar as asserted against Rybin. The defendants appeal.
Under CPLR 3213, a plaintiff establishes its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it "show[s] the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Lugli v Johnston, 78 AD3d 1133, 1135 [2010]). Once a plaintiff has established its prima facie entitlement to judgment as a matter of law, "the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789 [2011]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by his submission of the three promissory notes that were executed by both defendants, which contained an unconditional obligation to repay the plaintiff by a certain date, and his sworn affidavit which averred that the defendants had defaulted on all three notes (see Lugli v Johnston, 78 AD3d at 1135). In opposition, the defendants raised a triable issue of fact with respect to the defense of lack of consideration, by submitting their sworn affidavits which averred that the plaintiff failed to transfer any funds or give any financial benefits to the defendants pursuant to the promissory notes (see Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735 [2017]; American Realty Corp. of NY v Sukhu, 90 AD3d 792, 793 [2011]). In reply, the plaintiff failed to submit admissible evidence addressing the defendants' contentions. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint (see Denjonbklyn, Inc. v Rojas, 154 AD3d at 735). (Porat v Rybina, 177 AD3d 632, 632-633 [2d Dept 2019.)
In an attempt to rectify the deficiencies of the summary judgment motion papers which commenced this action, plaintiff has again moved for summary judgment, this time including more, different documentary evidence relied upon.

Plaintiff's Contentions
In his affidavit, plaintiff maintains that defendants agreed to repay a total of $132,482.50 reflected in three promissory notes executed on April 22, 2014: $30,000.00 to be repaid by December 22, 2014; $62,568.00 by April 22, 2015; and $39,914.50 by April 22, 2015. The notes were given for value received. They were guaranteed by defendant Rybin. Plaintiff had loaned the money to defendants so that they could operate their business, Immortality Healing, Inc. (IMI), an ecommerce platform. Plaintiff would hold a 50% interest in the business. Fifty percent of the profits were to be shared with him. Other than the loans, plaintiff had nothing to do with the business. (See generally NYSCEF Doc No. 73, Porat aff ¶¶ 1-13.)
Plaintiff attested to Exhibit G being a full list of payments and transfers "from Partner A. Capital, transferred after the execution of the Notes" (id. ¶ 14). IMI, while not substantially profitable, earned approximately $450,000 in the three years prior to the initial litigation (see id. ¶ 15). Defendants never repaid the promissory notes (see id. ¶ 16). Plaintiff described the litigation which took place leading to the Appellate Division decision (see id. ¶¶ 16-23). This [*3]included continuing the litigation after the Appellate Division reversed Supreme Court on the issue of summary judgment for plaintiff, but Covid-19 intervened (see id. ¶¶ 24-27). After attempting to settle the matter with defendants, the action was restored to the calendar on February 1, 2022 (see id. ¶¶ 28-36). Defendants failed to respond to discovery requests (see id. ¶¶ 37-39).
During the course of this litigation, plaintiff claimed, it became clear that defendants were arguing that plaintiff was solely responsible for the entire business. Defendants offer nothing other than last minute, self-serving affidavit testimony in opposition to any firm facts and proofs offered by plaintiff. Defendants claim that there was no funding by plaintiff toward the business. The courts rejected defendants' affidavits. (See id. ¶¶ 40-43.) "Exhibit G[ ] evidence[s] the expense and deposits made to the Defendants, and Exhibit H[ ], which is a copy of the discovery package, contain[s] a Notice to Admit in which went unanswered, and as such [it is] deemed admitted by the Defendants" (id. ¶ 44). Since banks only maintain records for seven years, plaintiff attempted to have defendants admit certain matters in a notice to admit, but defendants ignored the discovery package. Defendants' claims that plaintiff owned IMI, they were not in possession of finances, and they merely managed the company is belied by third-party-prepared tax returns (Exhibit M). (See id. ¶¶ 44-50.) Exhibit S contains communications between plaintiff and defendant Rybina supporting plaintiff's contentions (see id. ¶ 51).
In support of plaintiff's position, his counsel describes the situation as follows:
5. While the case started long before my Notice of Appearance, Plaintiff Counsel has been in this case now for almost three (3) years, since his Notice of Appearance on November 5, 2021 (NYSCEF Doc. No. 3). This case has essentially been a game of cat and mouse since day one. The Defendants, Ms. Svetlana Rybina ("Rybina") and her husband Igor Rybin ("Rybin"), do the bare minimum, retain an attorney, respond to motions and documents, then stop paying their attorneys and vanish. When their attorneys stop working, they come to court meek and humble, beg for more time, and they always get what they want.
6. How many times will the Court permit this delay in this case? This case has seen five (5) different judges since my appearance — (1) Hon. Judge Wooten, (2) Hon. Judge Sheares, 93) Hon. Judge Rothenberg, (4) Hon. Odessa Kennedy, and the current judge, (5) the Hon. Judge Aaron Maslow.
7. Every single time, it is the same thing, a motion is filed—we go searching for the Defendants, we finally locate them, we come to court, we are told they need an attorney, we go searching for their attorneys, and it even got to the point where the Defendants['] prior attorney was literally communicating with me from South Africa, and asked me essentially to upload documents to the record, on her behalf about her unavailability, and still, this Court has given the Plaintiff the benefit of the doubt, time and time again. (NYSCEF Doc No. 72, Miletti aff ¶¶ 5-7.)

 Plaintiff's counsel listed the exhibits relied upon, describing nearly all of them as "a true copy" (see id. ¶¶ 45-63).
 Defendants' Contentions
In opposition, defendants' affirmations attest to the following: They were not provided with the funds which plaintiff claims he provided. Plaintiff has failed to provide admissible evidence to counter defendants' claim of lack of consideration. Funds invested by plaintiff were for a company owned solely by him. Plaintiff possessed the inventory, managed the bank [*4]accounts, and exclusively made all significant business decisions. Defendants managed the company but received no value for it. Defendants did not receive the so-called discovery package and defendant Rybina's purported signature was not hers. (See generally NYSCEF Doc Nos. 96, Rybina aff; 97, Rybin aff.)
To the extent that deposits from plaintiff are documented in the purported ledger submitted by plaintiff as Exhibit G, Defendants argue that they evidence plaintiff's investment in IMI. There is no allegation that the submitted tax returns were prepared at defendants' instruction and there is nothing to prove that they were accurate. Plaintiff has not submitted an operating agreement. Plaintiff waited until it was too late to obtain bank records which no longer existed. He should have included them as exhibits in his 2015 motion. Plaintiff has still failed to provide evidence addressing defendants' contentions of lack of consideration and plaintiff being the owner of IMI. Plaintiff has failed to meet the burden imposed on him with respect to a motion for summary judgment. It is not up to defendants to meet plaintiff's burden for him. (See generally NYSCEF Doc No. 104, mem law in opp.)

 Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
In terms of documentary evidence, plaintiff relies on several exhibits which he described in his affidavit. Exhibit G (NYSCEF Doc No. 82) purports to be ledger of "Gary Porat Expenses and Deposits to Defendant." The account name is "Partner A Capital." Neither defendants' names nor the corporate name of IMI is set forth in this document. The word "Immortality" does appear, yet there has been no effort to authenticate this document as a business record exception to the hearsay rule delineated in CPLR 4518, i.e., the document must be a memorandum or record "made in the regular course of any business"; it must be the regular course of the business to make the memorandum or record; and the memorandum or record must have been made at the time of the act or occurrence recorded or within a reasonable time thereafter. Moreover, the maker of the record must have personal knowledge of its creation or, assuming another person made it, it must be shown that such person was under a business duty to make it. (See Johnson v Lutz, 253 NY 124 [1930]; Matter of Leon RR, 48 NY2d 117 [1979]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019].)
Plaintiff refers to Exhibit M (NYSCEF Doc No. 88) as being IMI's tax returns but, again, there is nothing to authenticate them as business records in accordance with the business record exception to the hearsay rule. Plaintiff refers to Exhibit S (NYSCEF Doc No. 94) as containing emails; it is actually Exhibit R (NYSCEF Doc No. 93). There are also business statements therein. Again, nothing confirmed these documents as business records meeting the business record exception to the hearsay rule.
While plaintiff contends that defendants' failure to respond to the notice to admit (included in Exhibit H, which is NYSCEF Doc No. 83 PDF 14-24) provides the missing link to establish the validity of the submitted documents, he failed to establish that it was received by defendants. Moreover,
the plaintiff's notice to admit called upon the [defendant] to admit a fact . . . as to which the plaintiff's attorney could not reasonably have "believe[d] there [could] be no substantial dispute at the trial" (CPLR 3123 [a]; see e.g. 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696 [2015]), and which improperly went "to the heart" of the matter at issue (Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 772 [2011]; see 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 654 [2014]). Therefore, [defendants] should not be bound by the notice to admit, even if [they] failed to properly respond to it. (Smith v County of Nassau, 138 AD3d 726, 729 [2d Dept 2016].)
Defendants are correct that plaintiff has failed to meet the burden imposed on him with respect to a motion for summary judgment (see NYSCEF Doc No. 104, mem law in opp at 8).
The Court is left with competing affidavits or affirmations submitted in support of and in opposition to summary judgment on the issue of lack of consideration. This is the same situation which came before the Appellate Division, where their decision was predicated on "the plaintiff['s] fail[ure] to submit admissible evidence addressing the defendants' contentions" (Porat v Rybina, 177 AD3d at 633). The same result must ensue here: that plaintiff's motion has to be denied as, viewing the factual contentions in the light most favorable to the non-moving parties, there remain material issues of fact (see Bazdaric v Almah Partners LLC, 41 NY3d at 314; Rotuba Extruders, Inc. v Ceppos, 46 NY2d at 231).

 Conclusion
Accordingly, the within motion of plaintiff for summary judgment is DENIED.
The foregoing constitutes the Decision and Order of the Court.
Dated: November 1, 2024
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Just the portion of the opinion relating to plaintiff's summary judgment motion is included. The portion relating to defendants' cross-motion to dismiss the action is not, because before this Court solely is another motion by plaintiff for summary judgment.